CHARLES MANNEBACH v. JOHN H. L. STEVENS ET AL.

Submitted July 8, 1904—Decided November 7, 1904.

When upon the case made by the plaintiff his assumption of the risk that led to his injury appeared, a motion made for a nonsuit upon that ground should be granted.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *Herbert C. Gilson.*

For the defendant, *Isaac F. Goldenhorn.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff was injured by the falling of the top stick of some timber that was piled up on the asphalt pavement of the street outside the curb of the sidewalk. The timber was piled four or five feet high, and the plaintiff was facing it, and about two or three feet from it at the time the stick was dislodged and fell on his leg. The stick was jarred from the pile by the hind wheel of a heavily laden truck that was being backed into a chute near the sidewalk. The truck was the defendant's, was loaded with cement and in charge of the defendant's driver. The plaintiff was employed on the building where the cement was to be used, and himself directed the driver of the truck where to deliver his load. Upon this point the plaintiff testified, "I was coming out of the office in Thirteenth street, and I met the driver of the load of cement; he asked me where he could deliver that; I told him between Thirteenth and Fourteenth streets on Sixth avenue, between two piles of timber; that he would see a chute; that is where the cement was delivered." After receiving this instruction the driver mounted his truck, which was loaded with five tons of cement according to the plaintiff's testimony, and engaged in backing his team. The driver was still engaged in backing in when the plaintiff, who had gone to summon laborers to help in unloading the cement, returned to the scene and, walking out into the street, stood within two or three feet of one of two piles of timber between which he had directed the driver to back in. He was facing this pile

of timber and the truck, and, according to his testimony, saw that "the truck was backing; he seemed to be backing all right when I was looking at him; the last I can remember his horses were facing Fourteenth street; he came in on a sort of an angle and struck the edge of the timbers—I mean the ends." If by this the plaintiff means that he looked elsewhere while remaining in the position in which his testimony places him, he was clearly lacking in ordinary care for his own safety; whereas, if he means that he continued to look until the truck struck the end of the timbers, he surely contributed more to the receipt of his injury than did the driver whose back was toward him and the pile of timber, and whose attention was engrossed in the very difficult task of backing a team with a load weighing five tons. Indeed, that a wheel of the truck, in backing in under these circumstances, came in contact with the end of one of the two piles of timber that were on either side of the chute hardly seems to me to imply the degree of culpability that constitutes actionable negligence. Be that as it may, the plaintiff was in a much better position than the driver was to see what was going on and had, moreover, nothing but his own safety to occupy his attention. If he did not see, it was because he directed his attention elsewhere; and if he did see, he was in a position to know all that the driver could know and more. I can conceive of no theory of the plaintiff's case that would hold the driver responsible for the plaintiff's injury that would not also hold the plaintiff responsible.

The motion to nonsuit should have been granted.