63 N.J. Super. 313 (1960)
164 A.2d 602
VIOLA DOUGLAS, PLAINTIFF-APPELLANT,
v.
CHARLES HARRIS AND MARY JOHNSON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1960.
Decided October 26, 1960.
*315 Before Judges CONFORD, FOLEY and MINTZ.
Mr. Howard T. Rosen argued the cause for plaintiff-appellant (Mr. Emanuel Needle, of counsel).
Mr. Joseph E. Zavesky argued the cause for defendant-respondent Charles Harris (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys).
The opinion of the court was delivered by MINTZ, J.S.C. (temporarily assigned).
Plaintiff appeals from a judgment of the Superior Court, Law Division, in favor of defendant Harris.
*316 Plaintiff, a pedestrian, was injured when struck by the automobile owned by Charles Harris and operated by Mary Johnson. She filed her complaint against owner and operator, but Mary Johnson was not served with the summons and the case proceeded solely against Harris on an agency theory. The Unsatisfied Claim and Judgment Fund Board (hereinafter referred to as "Board") became implicated in the case and undertook his defense. L. 1952, c. 174; N.J.S.A. 39:6-61 et seq. Plaintiff served interrogatories which were not answered because the defendant Harris disappeared. After a series of motions involving the interrogatories, it was ordered that Harris' answer be stricken and "that a judgment by default be entered * * *." R.R. 4:27-2(b)(3).
Subsequently the matter came on for trial before another judge sitting without a jury, plaintiff having waived a jury trial. Upon application by counsel for the Board, he required proof of liability as well as damages but refused to allow the Board's counsel the right of cross-examination because of the order striking the answer. Instead he cross-questioned plaintiff's witnesses on his own initiative.
Plaintiff was injured in the early morning of March 24, 1957 while she was crossing Belmont Avenue in Newark in the middle of the block. She testified she looked both ways but saw no car approaching, heard no horn, and received no other warning of the impending accident. She could not testify whether the car had its lights on at the time of impact. A bystander, who did not see the accident, testified on behalf of plaintiff that after the accident the car's lights were on, that the occupants were laughing and not "quite themselves," that the police searched vainly for skid marks, that he had heard no horn before the mishap, and that when he crossed the street shortly before Mrs. Douglas, he had not seen the lights of an approaching car. The court reserved decision and thereafter filed written findings to the effect that the proof as to Harris' negligence was "very weak," *317 that plaintiff was "guilty of contributory negligence," and that judgment would be entered for defendant.
Plaintiff now urges that the trial judge lacked the power to take proof on liability after the entry of a default judgment, or, assuming such power, that it was an abuse of discretion to exercise it here. She never objected below to the procedure she now complains of. Thus the plain error rule applies. Matthews v. Nelson, 57 N.J. Super. 515 (App. Div. 1959).
Plaintiff argues that the trial judge did not have the right to take proofs on liability because the issue had already been settled by the order striking defendant's answer and entering judgment by default in plaintiff's favor. She contends that since the Board did not appeal this ruling, it became the law of the case and the function of the trial judge was limited to fixing the amount of damages. We disagree. The order for judgment by default precludes a defendant from offering testimony in defense. It does not necessarily obviate the obligation of plaintiff to furnish proof on the issue of liability as well as damages. Such is the import of R.R. 4:56-2(b) which, in part, specifically provides:
"* * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings with or without a jury or take such proceedings as are necessary or proper. * * *" (Emphasis supplied)
This provision vests the trial judge with discretion in determining whether or not testimony should be taken as to liability, and the trial court proceeded on this theory.
We think the statement in Reilly v. Perehinys, 33 N.J. Super. 69, 73 (App. Div. 1954), is applicable to the case at bar.
"It is true that under the general rule obtaining in most jurisdictions upon a default in pleading, whether in equity or at law, proof of the allegations of the complaint will not be entertained. * * *
*318 But we think the New Jersey practice better  the practice leaving to the discretion of the trial court, in equity or at law, whether or not to take proofs as to the plaintiff's right to relief. Martin v. Morales, 102 N.J. Eq. 535, 539 (E. & A. 1928), supra; Streeton v. Roehm, 83 Ohio App. 148, 81 N.E.2d 133 (Ct. App. 1948). This comports with the principle entrusting generally to the trial court's discretion the whole matter, whether or not to enter a judgment by default. 6 Moore's Federal Practice (2nd ed.), § 55.05[2].
Perhaps too little consideration has been had in legal actions as to the reasons why the law has deposited with the court this discretion as to whether or not to take such proofs. Indeed we may say further  without by any means determining in what situations, if any, the lack of proofs will lead to an avoidance of a default judgment  that there are circumstances which have an especial call upon the court in the exercise of that discretion, as, where the defendant is an incompetent or an infant (proofs then are always taken in England, 1953 Annual Practice, p. 445); or where the defendant has been served by publication (49 C.J.S., Judgments, § 212, p. 374); or where the complaint is quite indefinite (Ohio Central R. Co. v. Central Trust Co. of New York, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561 (1890)); or the circumstances stir the court's suspicions."
In Interchemical Corp. v. Uncas Printing & Finishing Co., Inc., 39 N.J. Super. 318 (App. Div. 1956), the defendant failed to answer interrogatories pursuant to an order of the court and an order was entered suppressing its defense and ordering plaintiff to proceed to default judgment on proof of its damages on notice to defendant. Defendant's refusal to comply with the discovery order was deliberate and contumacious and the punitive order, admittedly drastic, was held appropriately entered under R.R. 4:27-4. Proof of damages only was taken pursuant to R.R. 4:56-2 since "the trial court, in the exercise of its discretion, chose not to require plaintiff to prove element of liability but rather treated the default as confession of liability." 39 N.J. Super., at p. 327. While the facts in Uncas are distinguishable from the case at bar, sanctions were there imposed for failure to comply with R.R. 4:27 and proceedings to enter final judgment were taken under R.R. 4:56-2. In brief, under R.R. 4:56-2 the proceedings continue to final judgment *319 and testimony may be taken "to establish the truth of any averment" which the court regards as necessary or proper.
There is doubt if Harris' disappearance and subsequent failure to answer interrogatories may be construed as willful disobedience if he was actually unaware of the discovery order. Furthermore, the Board was the real party in interest since the Fund would be amenable to any judgment entered herein, and it could not be charged with gross inattention, carelessness or contumacy toward the discovery order. Under such circumstances the trial court in the proper exercise of its discretion required plaintiff to produce testimony with regard to the liability of the defendant. Compare In re Wozar's Estate, 34 N.J. Super. 133, 140 (App. Div. 1955).
The propriety of this exercise of judicial discretion is further evidenced by the public policy reflected in the Unsatisfied Claim and Judgment Fund Law (N.J.S.A. 39:6-61 et seq.) of protecting the Fund against fraud and abuses. In Myers v. Cave, 55 N.J. Super. 185, 194 (App. Div. 1959), the court said:
"* * * While the statute is to be liberally construed to advance the remedy, due regard must also be given to the evident policy * * * to protect the Fund against fraud and abuse. * * *"
See also Wormack v. Howard, 33 N.J. 139, 147 (1960). Particularly illuminating in this regard are the provisions concerning default judgments and hit-and-run accidents. N.J.S.A. 39:6-74 controls the allowance of claims against the Fund after a default judgment has been obtained. It provides, in part, that:
"If the court, upon a hearing for the allowance of any claim against the fund, finds that it was a claim which was not assigned by the board to an insurer in accordance with section 6, or that the action upon such claim was not fully and fairly defended, or that the judgment thereon was entered upon the consent or with the agreement of the defendant, the court shall allow such claim but shall order it to be paid only in such sum as the court shall determine *320 to be justly due and payable out of the fund, on the basis of the actual amount of damages for which the defendant was liable to the plaintiff under the cause of action, upon which the judgment was rendered * * *." (Emphasis supplied.)
Thus, even though the action is assigned to an insurer, as all default actions must be under the Unsatisfied Judgment Fund Law, the Legislature envisioned the possibility that it might not be fully defended. The statute contemplates that the court in such a case may, and indeed should, inquire behind the default judgment.
N.J.S.A. 39:6-78 permits actions against the Director of the Division of Motor Vehicles in hit-and-run cases. In part it states:
"* * * no judgment * * * shall be entered * * * unless the court is satisfied, upon the hearing of the action, that 

* * * * * * * *
(d) The claimant has a cause of action against the operator or owner of such motor vehicle or against the operator who was operating the motor vehicle without the consent of the owner of the motor vehicle."
The Legislature has provided that plaintiff must establish his cause of action in these instances where the Board cannot, or has not been able to, make a full and fair defense. While the statute does not deal expressly with the analogous situation before us, certainly it was not an abuse of discretion for the court to call for proof of liability before judgment when it could have done so upon application for payment from the Fund after judgment under N.J.S.A. 39:6-74, or would be required to do before entry of judgment if this were a "hit-and-run" case.
R.R. 4:56-5 provides that:
"The provisions of Rule 4:56 do not apply where the court orders a party in default for failure to appear, participate in, or prepare for the pretrial or trial of a case."
The apparent purpose of this rule is to deny the party in default the protective provisions of R.R. 4:56. We think *321 it should not be applied to the prejudice of the Board, the real party in interest, which did not willfully disobey the discovery order.
Finally, it is asserted that the finding of contributory negligence was error. Where plaintiff's proof shows contributory negligence in the process of proving his own case, he is precluded from recovery. Cf. Mannebach v. Stevens, 71 N.J.L. 368 (Sup. Ct. 1904). On the basis of plaintiff's testimony the trial court could properly find that she was contributorily negligent.
"* * * [H]is judgment on facts which * * * are not such as remove the matter from the realm of reasonable debate, should be sustained even though we might have come to a different conclusion * * *." Greenfield v. Dusseault, 60 N.J. Super. 436 444 (App. Div. 1960), affirmed 33 N.J. 78 (1960).
Affirmed.