66 N.J. Super. 187 (1961)
168 A.2d 825
SANTO MINARDI, PLAINTIFF-RESPONDENT,
v.
ANTHONY NOCITO, ET AL., DEFENDANTS. UNSATISFIED CLAIM AND JUDGMENT FUND BOARD OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1961.
Decided March 16, 1961.
*188 Before Judges CONFORD, FREUND and KILKENNY.
*189 Mr. James A. Major argued the cause for appellant.
Mr. Jerome L. Yesko argued the cause for respondent.
The opinion of the court was delivered by KILKENNY, J.A.D.
The Unsatisfied Claim and Judgment Fund brings this appeal from the judgment of the Bergen County Court which directed payment by the Fund of $5,000 to plaintiff, pursuant to N.J.S.A. 39:6-23 et seq.
Plaintiff's claim arose out of an accident on November 9, 1957, in which he was injured while riding in a motor vehicle owned and operated by defendant Anthony Nocito. In an action against Nocito and the owner and operator of the automobile which collided with Nocito's vehicle, plaintiff obtained a $35,000 judgment against Nocito, who did not appear to contest the action, although he had filed an answer. The action against the other defendants, who did appear, was dismissed. Nocito being an uninsured driver whose whereabouts were unknown, plaintiff made application for payment from the Fund in accordance with N.J.S.A. 39:6-69.
The Fund disputes plaintiff's eligibility to receive payment from the Fund, contending that (1) plaintiff was an employee of Nocito at the time of the accident; and, alternatively, (2) plaintiff was a guest occupant in Nocito's vehicle when he suffered his injuries. It relies upon the prerequisites to recovery set forth in N.J.S.A. 39:6-70, which provides, inter alia:
"The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show
(a) He is not a person covered with respect to such injury or death by any workmen's compensation law, or the personal representative of such a person,

* * * * * * * *
(c) He was not at the time of the accident, a guest occupant riding in a motor vehicle owned or operated by the judgment debtor and is not the personal representative of such a guest occupant, * * *."
*190 This statute clearly places upon the claimant the burden of proving that he was not covered by any workmen's compensation law and was not a guest occupant. If he were an employee, other than a casual employee, and was injured in an accident arising out of and in the course of his employment in New Jersey, he would presumptively be covered by our Workmen's Compensation Law. R.S. 34:15-7 et seq. This is so whether the employer carried workmen's compensation insurance or not.
Plaintiff, in the negligence action proper, testified that Nocito had offered to sell to him a share in his bakery business which consisted of making daily deliveries of bakery products to retail stores and a few houses along an established route. At the time of the accident plaintiff and Nocito were delivering bread along the route. The crucial inquiry is what was the plaintiff's precise status in relation to Nocito at the time of the accident.
There was annexed to the plaintiff's complaint a verified statement of claim, as required by the rules as of the time the complaint was filed. The plaintiff swore therein on March 18, 1958 that he was employed at the time of the accident by the defendant Anthony Nocito on his bread route, at approximately $80 per week, and had lost his wages from the date of the accident. In addition thereto, the plaintiff furnished to the Unsatisfied Claim and Judgment Fund Board a physician's certificate, on which he completed and signed the following statement:
"Date of accident  November 9, 1957; Location of accident  Ringwood, N.J.
Your full name  Santo Minardi; Age 29; Male; Married;
Address  283 Fernham Avenue, Lodi, N.J.;
Occupation  Bread Salesman; Name of employer  Nocito's Bakery;
Employer's address  20 Charles St., Lodi, New Jersey;
Weekly salary at time of accident $70.00; Number of dependents  2;
Your estimate of total loss of earnings due to injury  Presently unable to work due to injuries.
I was a passenger in vehicle driven by Anthony Nocito;
*191 I certify that the information in this report is true to the best of my knowledge and the injuries are the result of the described accident.
 Date Jan. 6, 1958
 Santo Minardi /s/"
When the plaintiff was confronted at the negligence trial with the foregoing affidavit and certificate in which he verified and certified that he was employed by the defendant Nocito at the time of the accident, he then testified as follows:
"Q. I show you a form which purports to contain your signature and do you remember signing the form? A. Yes.
Q. And you are saying that your occupation was bread salesman? A. Right.
Q. That the name of your employer was Nocito's Bakery? A. Yes.
Q. And your weekly salary was $70 per week? A. It was $80.

* * * * * * * *
Q. So that you said you were employed by Nocito when you made your application to the Unsatisfied Claim and Judgment Fund? A. Right.

* * * * * * * *
Q. So that you were employed by Nocito too, were you not? A. I still  like I said  it was more or less I helped him a few times before that from time to time. I always helped him doing something.
He was in the newspaper business at one time and I helped him collect ads but when he came up to me with this proposition about this bread route I said I would try it out and he said he would give me $80 a week for the time being until I would give him word whether I wanted to buy in or not."
It is clear to us that the latter part of the foregoing excerpt was intended by the witness as a description of his status in relation to Nocito at the time of the accident.
It is noteworthy also that the plaintiff made no attempt to explain away these admissions of employee status. He never claimed that they were the result of ignorance, mistake, or inadvertence. He merely equivocated, saying he had received no salary. But for all that appears no salary may have been due him when the accident occurred.
The foregoing admissions by the plaintiff of an employer-employee relationship between him and the defendant preponderate *192 heavily in favor of the conclusion that the plaintiff was an employee of the defendant at the time of the accident. At the subsequent hearing of his application for payment from the Fund under N.J.S.A. 39:6-70, the plaintiff furnished no additional testimony or other proofs to establish that he was "not a person covered with respect to such injury * * * by any workmen's compensation law," other than an ex parte affidavit, in which without any factual support he stated generally:
"I am not now nor at time of accident covered by any workmen's compensation law with respect to the injuries sustained by me."
Such a mere general conclusion does not supply the proof which the plaintiff had the burden of sustaining under the statute.
The trial judge expressed the view that since he had rendered a judgment in favor of the plaintiff in the negligence action, over which he had presided without a jury, he must have found at that trial that there was no employer-employee relationship between the plaintiff and Nocito. He stated that "if there was an employer-employee relationship and the papers which you offered in evidence were presented in the trial, then I could not have entered a judgment against him upon the ground that it was a matter under the Workmen's Compensation jurisdiction." The papers which were offered in evidence in the summary hearing to obtain payment from the Fund were the verified statement of claim, which was annexed to the negligence complaint, and the physician's certificate alluded to above.
There seems to have been some question in the trial court's mind as to the binding effect of that earlier determination, because it propounded to the Fund's attorney the question, "What about res judicata?" Actually, the earlier determination of liability in the negligence action, with its implication that the plaintiff was not an employee of Nocito, was not res judicata. While the Fund had an observer at that trial, it was not a party to the proceeding *193 and did not participate in any way in the trial, and had a right to rely upon the plaintiff's verified statement annexed to his complaint that he was an employee of Nocito at the time of the accident. Furthermore, the application for payment from the Fund, under N.J.S.A. 39:6-70, required a new independent hearing, in which the claimant was required under the statute to negate employee status at the time of the accident. Beyond the testimony which he had given at the negligence trial, which was not binding upon the Fund because it was not a participant in those proceedings, the plaintiff furnished no proofs at the summary hearing after judgment, other than the indirect adverting by counsel and the court in the course of legal argument to his former testimony.
The policy of the statute, in requiring a hearing on the application for payment out of the Fund, is that the Fund may have an additional protection against improper depletion, by the affirmative requirement that the applicant show at such hearing the existence of the conditions precedent specified by the statute, regardless of anything which has taken place previously in the case. Myers v. Cave, 55 N.J. Super. 185, 196 (App. Div. 1959).
Although we are reluctant to disturb the findings of fact of a trial court, we believe that in this case it is necessary for us to exercise our powers in this regard. Under R.R. 1:5-4(b), appellate courts may make new or amended findings of fact, where there has been a non-jury trial court determination, provided due regard is given to the opportunity of the trial court to judge the credibility of the witnesses. Pratico v. Rhodes, 17 N.J. 328, 335 (1955); Kidde Manufacturing Co. v. Town of Bloomfield, 20 N.J. 52, 66 (1955); State v. H.L., 61 N.J. Super. 432, 437 (App. Div. 1960); Graham v. Onderdonk, 33 N.J. 356, 360 (1960).
In reviewing the record in this action, we find that the plaintiff in two separate documents, one under oath and the other certified as true, stated that he was employed *194 by Nocito at the time of the accident at the rate of $80 or $70 per week. His testimony at the negligence trial, though somewhat vague and equivocal, lent further support to the same conclusion. In the absence of any other competent evidence at the hearing on the application, the conclusion is inescapable that the plaintiff failed to prove at that hearing by the preponderance of the evidence that he was not covered by any workmen's compensation law at the time of the accident. Not having satisfied the statutory requirements, he was not entitled to payment from the Fund.
In view of the above determination, there is no need to consider the Fund's second objection that the plaintiff failed to prove that he was not a "guest occupant" at the time of the accident.
As stated in Myers v. Cave, supra (55 N.J. Super., at p. 194):
"While the statute is to be liberally construed to advance the remedy, due regard must also be given to the evident policy * * * to protect the Fund against fraud and abuse."
This is particularly true when the action upon which the claim is based was not fully and fairly defended. See Douglas v. Harris, 63 N.J. Super. 313, 319 (App. Div. 1960).
Accordingly the judgment is reversed.