Edwin PEARSON and Ruth Pearson,
Plaintiffs and Appellants,

v.

STATE of North Dakota UNSATISFIED JUDGMENT FUND and its legal counsel, Dale H. Jensen, Defendants and Respondents.

No. 7971.

Supreme Court of North Dakota.

March 22, 1962.

E. J. Bosch, Minot, for plaintiffs and appellants.

Dale H. Jensen, Asst. Atty. Gen., for defendants and respondents.

TEIGEN, Judge.

The title of the supplementary proceedings in the district court, resulting in this appeal, should have been entitled as in the main action; however, no issue has been raised thereon. The district court accepted jurisdiction and the proper parties were served and have appeared. The issue will not be raised by this court.

This is an appeal from an order of the district court vacating and setting aside its previous order for payment of the amount of a certain judgment from the Unsatisfied Judgment Fund. By this appeal the appellant seeks to have the order vacating and setting aside the previous order reversed, which will have the effect of reinstating the original order. The original order provided that the state treasurer, as custodian of the Unsatisfied Judgment Fund, should pay to the plaintiff, who is the appellant

herein, the amount of a judgment ($2,200) in favor of the plaintiff, Ruth Pearson, and against one Matt Roufs, resulting from bodily injury sustained by the plaintiff in an automobile accident.

The appellant, Ruth Pearson, as judgment creditor, made application to the district court for an order directing payment out of the Unsatisfied Judgment Fund. At the hearing proofs satisfactory to the court were adduced and the court entered its order directing the state treasurer to pay the amount of the judgment from the said Unsatisfied Judgment Fund.

Upon subsequent proceedings had, the district court vacated and set aside its order for payment upon the ground and for the reason that the judgment creditor had effected collection of the full amount of her judgment from her insurer.

The judgment creditor, Ruth Pearson, has appealed from the order vacating and setting aside the order for payment and demands trial de novo.

Both parties to the appeal agree that there is only one question for decision. It may be stated as follows: In determining the amount recoverable from the Unsatisfied Judgment Fund, must the court take into account an amount collected by the judgment creditor, as the insured, under an insurance policy providing uninsured motorist coverage?

The accident in which the appellant was injured occurred while she was riding with her brother in his automobile. The brother, Edwin Pearson, who was also a plaintiff in the action but who is not involved in this proceeding, carried automobile insurance which provided uninsured motorist coverage. This coverage insures the named insured, his relatives, and any person while in or upon or while entering into or alighting from the automobile described in the policy, provided the actual use thereof is by or with the permission of the named insured. This coverage undertakes to pay the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury caused by accident and arising out of the ownership, maintenance or use of such automobile. While the judgment creditor was riding with her brother in the insured automobile, they were involved in an automobile accident with another automobile operated by the said Matt Roufs, who was uninsured. The appellant, under the coverage afforded by the policy, collected from the insurance company a sum equal to the amount of a judgment which she had obtained against the said Matt Roufs, the defendant in the main action. The terms of the policy provide that the insurance company shall be subrogated to the rights of the insured; however, these rights in this case were waived by the insurer.

The appellant judgment creditor, being an insured under the provisions of the policy, was eligible to be indemnified by the insurer if she was legally entitled to recover damages from the uninsured motorist. She brought action against him for damages for bodily injury and recovered judgment. This established that she was legally entitled to recover damages. There remained only a determination of the amount which she was entitled to collect from the insurer. The policy provides the amount shall be determined by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. In this case the damages were agreed upon and settled in the amount of $2,200. Payment was made, the insured released the insurer, and the insurer waived subrogation. Thus the judgment creditor, the appellant herein, is still the owner and holder of the judgment which remains unsatisfied.

It is argued that collection of the insurance payment by the judgment creditor constitutes a bar to collection from the Fund because it is a "collection of a part of his judgment from any source" (Sec. 39–17–07, NDCC) and there being no difference between the amount of the judgment and the amount collected, there remains no balance payable from the Unsatisfied Judgment

Fund. It was on this premise that the district court vacated its former order.

There are several related statutes under the Unsatisfied Judgment Act concerning payment and the prerequisites thereto. We feel it is helpful in the analysis of this problem to set them forth herein. They are as follows:

"39–17–03. Recovery from fund—Provisions governing.—Where any person, who is a resident of this state, recovers in any court in this state a judgment for an amount exceeding three hundred dollars in an action for damages resulting from bodily injury to, or the death of, any person occasioned by, or arising out of, the ownership, maintenance, operation or use of a motor vehicle by the judgment debtor in this state, upon such judgment becoming final, such judgment creditor may, in accordance with the provisions of this chapter, apply to the judge of the district court in which such judgment was rendered, upon notice to the attorney general, for an order directing payment of the judgment out of said fund. Upon the hearing of the application, the judgment creditor shall show: (1) that he has obtained judgment as set out in this section, stating the amount thereof and the amount owing thereon at the time of the application; (2) that he has caused an execution to be issued thereon, and that (a) the sheriff has made a return thereon showing that no property of the judgment debtor liable to be seized in satisfaction of the judgment debt, could be found, or (b) the amount realized on the sale of property seized, or otherwise realized under the execution, was insufficient to satisfy the judgment, stating the amount so realized and the balance remaining due thereon; (3) that he has caused the judgment debtor, where the judgment debtor is available, to be examined pursuant to law for that purpose, touching his property, and in particular as to whether the judgment debtor is insured under a policy of automobile insurance against loss occasioned by his legal liability for bodily injury to, or the death of, another person; (4) that he has made an exhaustive search and inquiry to ascertain whether the judgment debtor is possessed of property, real or personal, liable to be sold or applied in satisfaction of the judgment; and (5) that as a result of such search, inquiry and examination, he has learned of no property, real or personal, possessed by the judgment debtor and liable to be sold or applied in satisfaction of the judgment debt, or that he has learned of certain property, describing it, owned by the judgment debtor and liable to be seized or applied in satisfaction of the judgment, and has taken all necessary proceedings for the realization thereof, and that the amount thereby realized was insufficient to satisfy the judgment, stating the amount so realized and the amount remaining due thereon. * * *

"39–17–05. Order on state treasurer to pay judgment.—If the court is satisfied of the truth of the matters shown by the judgment creditor as required by section 39–17–03, and if the applicant has taken all reasonable steps to enforce the collection of said judgment, that there is good reason for believing that the judgment debtor has no property liable to be sold or applied in satisfaction of the judgment or of the balance owing thereon, and is not insured under a policy of automobile insurance by the terms of which the insurer is liable to pay, in whole or in part, the amount of the judgment, the court shall make an order directed to the state treasurer requiring him, subject to the provisions of section 39–17–07, to pay from said fund the amount of the judgment or the balance owing thereon, and the state treasurer shall comply with such order. * * *

"39-17-07. Limitation on amount payable from fund.—No order shall be made by the court directing the payment of more than five thousand dollars, exclusive of costs, in the case of a judgment resulting from bodily injury to, or the death of, one person in one accident, nor, subject to such limit of five thousand dollars for each person so injured or killed in one accident, shall an order be made directing the payment of judgments for more than ten thousand dollars, exclusive of costs, in cases arising out of one accident. In cases where the judgment creditor has effected the collection of a part of his judgment from any source, the amount authorized to be paid from such fund shall be the difference between the amount of the judgment, provided that it does not exceed five thousand dollars, and the amount realized thereon.

"39-17-08. Judgment assigned to state.—Before making any payment on any such judgment from the fund in compliance with an order, the state treasurer shall require the judgment creditor to assign such judgment to the state treasurer for the use and benefit of said fund."

■ Where a judgment creditor finds himself in the predicament of being unable to collect upon a judgment exceeding $300 for bodily injury, or death resulting from an automobile accident, he may apply to the judge of the district court in which such judgment was rendered upon appropriate notice for an order directing payment of the judgment or a part thereof out of the Fund. He is obliged to meet rigid requirements before he becomes entitled to the order and the attorney general, or special counsel representing the Fund, may appear in resistance. (Secs. 39-17-04 and 39-17-04.1, NDCC.) The burden of proof is upon the judgment creditor making application. The district judge shall make an order for payment within the limitations prescribed if he is satisfied of the truth of the matters shown and finds that the applicant has taken all reasonable steps to enforce collection of his judgment but was unsuccessful, and has good reason to believe that the judgment debtor has no property amenable to process to enforce collection and is not insured under terms of which the insurer is liable to pay the judgment, in whole or in part, and that the judgment creditor has not effected the collection of a part of his judgment from any source. If, however, the judgment creditor has effected collection of his judgment in part from any source, the amount to be paid from the Fund shall be the difference between the amount of the judgment and the amount realized thereon, providing the amount collected, plus the amount payable from the Fund, does not exceed $5,000.

In this case it is undisputed that the judgment is uncollectible and the judgment debtor is uninsured. The amount of the judgment is below the limitation prescribed and the judgment creditor has made no collection from the judgment debtor ar anyone on his behalf. The full amount of the judgment remains wholly unsatisfied. The judgment is not subject to compulsory assignment.

■ The foregoing statutes do not require the applicant, who is the judgment creditor, to disclose his worth, his property or his insurance coverage. The financial status or ability of the judgment creditor to defray his expenses or obligations were not taken into consideration by the legislature when it enacted the law. The rich and the poor victims are treated alike. We can read no legislative intent to the contrary into the law.

■ Further, the payment made to the appellant, as an insured under the insurance policy in question, was not a "collection of a part of his judgment." It was a collection under contract where the parties to the contract were the insured and the insurer. The insured is the judgment creditor in this proceeding but the insurer is not a party

to this proceeding and was not a party to the main action. Whatever rights the insurer may have had by way of subrogation it has waived. The insurer was not obligated by contract or otherwise to the judgment debtor or to the Unsatisfied Judgment Fund. The payment made by the insurer is not a payment from any source contemplated by the statute.

We find very little case law on the point in issue in this case. It is of interest to note that New Jersey has in several cases held indemnities from various sources deductible from the amount collectible from their Fund. An examination of their statutes clearly reflects the reason. The purpose of the New Jersey Unsatisfied Judgment Fund, prior to an amendment thereto in 1958, was stated in Dixon v. Gassert, 26 N.J. 1, 138 A.2d 14, as follows:

"* * * to provide a measure of relief to persons who sustain losses inflicted by financially irresponsible or unknown owners and operators of motor vehicles, where such persons would otherwise be remediless. But this statute is not one of general application to all classes of claimants. It does not extend to a person who is entitled to workmen's compensation, or is a spouse, parent or child of the judgment debtor, or was a guest occupant in the automobile, or was himself operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child, or was operating a motor vehicle in violation of an order of suspension or revocation. N.J.S.A. 39:6–70. Moreover, even within the class of persons who qualify for relief, further limitations are imposed upon the amounts recoverable from the Fund. N.J.S.A. 39:6–70(m) and N.J.S.A. 39:6–84."

N.J.S.A. 39:6–70 provided that application for payment must show certain information, a part of which was statutorily stated as follows:

"(m) Whether he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and stating the amounts recovered upon such judgments or the amounts, if any, received for indemnity or other benefits for such injury or death or damage to property from any person other than the operator or owner of the motor vehicle causing such injury, death or damage."

By Section 39:6–73, where the defendant is identified and judgment is obtained against him, and Section 39:6–84, where the defendant is not identified and judgment is obtained against the director, it was provided in almost the same language that the maximum amount allowable from the New Jersey Fund should be reduced by any amount received or recovered as specified in subparagraph (m), supra.

Another section, 39:6–71, dealing with the judicial order, provided:

"Any amount for compensation or indemnity for damages or other benefits which the plaintiff has received or can collect from any person other than the judgment debtor * * * shall be deducted, from the amount due upon the judgment for payment of which claim is made."

Under the statutory provisions referred to, the New Jersey Court in several cases has ordered various deductions from the amount payable from the Unsatisfied Judgment Fund. Deductions were ordered for: (1) Payments received under an accident and health insurance policy furnished and paid for by the plaintiff's employer; (2) Medical payments paid plaintiff by insurer on policy issued to plaintiff's employer; and (3) Blue Cross payments made to the hospital. See Dixon v. Gassert, supra. It also ordered the deduction of compensation paid to a plaintiff by way of temporary disability, hospitalization, medical and surgical payments, although received from collateral

sources. See Fasano v. Gassert, 49 N.J. Super. 52, 138 A.2d 752. It ordered the deduction of wages paid to a plaintiff by his employer where he was not legally obligated to pay the wages while the employee was laid up and unable to work. The court held that payment of such wages constituted "compensation or indemnity for damages or other benefits which the plaintiff has received." Unger v. Kemmerer, 58 N.J. Super. 262, 156 A.2d 52. For additional cases see also Minardi v. Dupont, 49 N.J. Super. 139, 139 A.2d 457; Minardi v. Nocito, 66 N.J.Super. 187, 168 A.2d 825; and Holmberg v. Aten, 68 N.J.Super. 73, 171 A.2d 667. In the latter case it is stated that by Chapter 98 of the Laws of 1958, the New Jersey Legislature amended the law "to permit persons who are entitled to recover from the fund to be paid the full amount of their judgment subject to the limiting amounts payable from the fund, but without deducting indemnities, benefits and gratuities received or due from sources other than a tort feasor or someone making a payment on his behalf." We find no cases reported on this question since the amendment.

The Province of Ontario, Canada, adopted an Unsatisfied Judgment Fund Act in 1947, which is in many respects quite comparable to the North Dakota law insofar as it affords benefits for bodily injury and/or death and their Act contains a limiting clause somewhat similar to that contained in Section 39–17–07, NDCC, supra. It provides:

"* * * that where any amount is recovered from any other source in partial discharge of the judgment debt, the maximum amount prescribed in this section shall be reduced by the amount so paid and any amount paid out of the Fund in excess of the amount authorized by this section may be recovered by action brought by the Minister." Highway Traffic Act (Ont.), s. 98(5) (b).

In the case of Re Drummond v. Strong (1950), 1 D.L.R. 299 (1949), O.W.N. 791,

Mr. Justice Urquhart, in discussing the language of the limiting proviso quoted above, refused to deduct indemnities received from other sources and said:

"While the Legislature may have meant that any amount recovered in respect of any damages sustained may be deducted, it did not see fit to do so.

\* \* \* \* \* \*

"The sums in question were not recovered in respect of the judgment debt, and the payers thereof have no right of subrogation."

A similar question arose for consideration in the case of Mindorff v. St. Pierre (1950), 3 D.L.R. 613, O.W.N. 388, affirmed by the court of appeal (1950), 4 D.L.R. 368, O.W. N. 674. Payments in that case were made under a health and accident insurance policy and under a hospital plan. Mr. Justice Le-Bel stated: "But the sums received by the plaintiff from his insurers and the benefit he received from the hospital plan were not 'in partial discharge of the judgment debt' and hence do not assist the Minister here."

The Ontario Unsatisfied Judgment Fund also covers damage to property resulting from accident and limits the payment from the Fund to not more than $1,000 subject, however, to the further limitation as quoted above. In the case of Bernhardt v. Rychlik (1951), 3 D.L.R. 565, O.W.N. 377, Mr. Justice Schroeder held that money paid to the owner of a damaged automobile under the collision feature of an automobile insurance policy was not an amount recovered "in partial discharge of the judgment debt" against the tort feasor where it was concluded no question of subrogation arose, but it was paid pursuant to the contract between the insured and the insurer. He held it could not therefore be deducted from the amount recoverable from the Unsatisfied Judgment Fund.

Although the judgment creditor will be paid twice, and in this case double the amount of damages determined by the court to be proper damages, the amount collected

from the insurance company in this instance is not to be taken into consideration in determining the amount allowable to her from the Unsatisfied Judgment Fund. The clear and explicit language of our statutes will not permit any other construction. It was under compulsion of the insurance contract and under no other constraint that the sum was paid by the insurer to the appellant. It definitely is not "the collection of a part of his judgment from any source" within the meaning of our statutes on the subject. If the legislature had intended that such a collection should be deductible, it could have stated it simply and clearly by providing that *the collection of a part of the damages sustained from any source* shall be deducted.

The order appealed from is reversed.

SATHRE, C. J., and STRUTZ, MORRIS and BURKE, JJ., concur.