John TSCHIDER, John Tschider, Jr., Claudette A. Fischer, and Farmers Insurance Exchange, a corporation, Plaintiffs and Respondents,

v.

Clarence BURTTS, Defendant and Appellant.

No. 8323.

Supreme Court of North Dakota.

March 30, 1967.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for plaintiffs and respondents.

Helgi Johanneson, Atty. Gen., Lynn E. Crooks, Sp. Asst. Atty. Gen., Bismarck, for defendant and appellant, and State Unsatisfied Judgment Fund.

TEIGEN, Chief Justice (On reassignment).

The only question in this case is: May a subrogated insurer, which has paid claims for bodily injuries under an uninsured motorist clause and secured final judgment against the uninsured financially irrespon-sible wrongdoer, recover the amount of its judgment, within legal limits, from the Unsatisfied Judgment Fund?

The trial court entered an order directing payment from the Fund, and the Attorney General, on behalf of the Fund, has appealed.

Section 39–17–03, N.D.C.C., in part provides:

> Where any person, who is a resident of this state, recovers in any court in this state a judgment for an amount exceeding three hundred dollars in an action for damages resulting from bodily injury to, * * * any person occasioned by, or arising out of, the ownership, maintenance, operation or use of a motor vehicle by the judgment debtor in this state, upon such judgment becoming final, such judgment creditor may, in accordance with the provisions of this chapter, apply to the judge of the district court in which such judgment was rendered, upon notice to the attorney general, for an order directing payment of the judgment out of said fund. * * *

The Attorney General advises there is no controversy as to the facts in the case, and that the Fund does not question the judgment debtor's liability nor the amount of the damages. All that is questioned is the propriety of ordering payment from the Fund to a subrogated insurer.

■ We have held an insurer may be subrogated to the rights of its insured against one primarily responsible, either in equity (Weber v. United Hardware & Imp. Mutuals Co., 75 N.D. 581, 31 N.W.2d 456), or by contract (Farmers Insurance Exchange v. Arlt, N.D., 61 N.W.2d 429). In this case there was conventional subrogation by assignment. The insurer secured from the insured an instrument entitled "Release and Trust Agreement." It was taken pursuant to the rights which the insured had under its insurance contract. Judgment in the instant case was awarded the insurer on the basis of its rights under

the insurance contract and the release and trust agreement.

■ The purpose of the Unsatisfied Judgment Fund is to protect, within limits, persons who are injured by unknown or financially irresponsible motorists. The purpose of an insured carrying uninsured motorist coverage is the same. Neither the Fund nor the insurer providing uninsured motorists' coverage is primarily liable. Neither is obligated to pay unless the wrongdoer is uninsured or financially irresponsible.

■ Fundamentally, the right of subrogation exists only against the principal debtor, and does not exist against a person who is merely secondarily liable. 83 C.J.S. Subrogation § 7.

■ The insureds' right to recover from the Fund no longer exists in this case because they assigned their rights to the insurer. The insurer paid the full amount of their respective claims for damages sustained because of bodily injuries suffered as a result of an automobile accident in which the uninsured financially irresponsible wrongdoer was the driver, and recovered judgment against the wrongdoer for the full amount it paid out. The insureds have received full compensation for the injuries suffered. There is nothing in the terms of the Unsatisfied Judgment Act that indicates an intention to relieve an insurer of its responsibility for its own contractual obligation or to reimburse an insurer for payments made under its insurance contract. The purpose of the Fund was not to set up a free re-insurance plan for insurers of those who have suffered bodily injury by financially irresponsible motorists. The Unsatisfied Judgment Fund was established in North Dakota in 1947 (Chapter 274, Session Laws of 1947). Uninsured motorists' coverage at that time was virtually unknown, if not completely unknown. It cannot be said the legislature considered uninsured-motorist coverage at

the time the Unsatisfied Judgment Fund Act was passed. In our opinion, the insurer did not acquire a right under the Unsatisfied Judgment Act for an order directing payment of its judgment out of the Unsatisfied Judgment Fund. The Ontario Court of Appeal, under a statute similar to ours, came to the same conclusion. Merkur v. Wilson's Transport, Ltd., 1955, Vol. 5 D.L.R., page 778.

■ There is still another reason why the insurer cannot recover from the Fund in this case. The burden is upon a person seeking an order for payment of a judgment out of the Unsatisfied Judgment Fund to establish that the claimant has met all the requirements of the Act. The claimant here is the insurer. It is an insurance company and a corporation. There is no proof in the record before us to establish that the insurer is a resident of the State of North Dakota, which is a requirement of the statute. Section 39–17–03, supra. Therefore it has failed in the required proof. The insureds under the uninsured motorists' clause were also named as plaintiffs in the action. However, they recovered nothing. Their insurer recovered judgment in the full amount it paid out to them, which was apparently in full satisfaction of their respective claims. The owner of the automobile was also named as a plaintiff, and recovered judgment for the deductible portion of his damages under the insurance contract for damage to his automobile. However, the owner of the automobile had no claim for personal injuries, nor was he liable for the personal injuries suffered by the insured subrogors who were the occupants thereof when their injuries were sustained. Where an insurer has made payment in full of the insured's loss, the insurer is generally the real party in interest and must bring the action against the person causing the damage. Hermes v. Markham, 78 N.D. 268, 49 N.W.2d 238. Thus under the circumstances of this case the insurer was the proper party plaintiff in the action for the

recovery of damages for the personal injuries suffered in the accident.

The order appealed from is reversed.

STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.