James A. NUELLE, a minor, by Hans W. Reinhardt, his Guardian ad litem, Plaintiff,

v.

Robert WELLS, Defendant and Third-Party Plaintiff and Appellant,

and

Howard NUELLE and Ellen Nuelle, Third-Party Defendants and Respondents.

No. 8446.

Supreme Court of North Dakota.

Nov. 22, 1967.

Rehearing Denied Dec. 8, 1967.

O'Grady, Edwards & Galloway, Grand Forks, for plaintiff.

Duffy & Haugland, Devils Lake, for defendant and third-party plaintiff and appellant.

Letnes, Murray & Marshall, Grand Forks, for the third-party defendant and respondent Ellen Nuelle.

Degnan, McElroy, Lamb & Camrud, Grand Forks, for third-party defendant and respondent Howard Nuelle.

ERICKSTAD, Judge.

James A. Nuelle, through his guardian ad litem, brought an action against Robert Wells, seeking damages for injuries which he suffered when the car in which he was riding, being driven by his mother Ellen Nuelle, collided with a pickup truck being driven by Mr. Wells. The accident occurred on a county road about 4¾ miles southwest of Langdon on October 12, 1962. The complaint alleged that James's injuries were the direct and proximate result of Mr. Wells's negligence in the operation of the pickup truck.

Mr. Wells filed an answer denying that he was in any respect negligent and alleging that Ellen Nuelle, while driving the family-owned vehicle, negligently drove it into a cloud of smoke and on the wrong side of the road, thus causing the accident. He further alleged that James's father Howard Nuelle was negligent in burning a stubble field adjacent to that road, causing smoke to drift across the road in such a manner that the visibility was restricted for a considerable distance on the road at the time and the place of the accident. He alleged that the combined negligence of Ellen and Howard Nuelle was the sole and proximate cause of the accident.

In addition to this answer Mr. Wells filed a third-party complaint, alleging facts similar to the facts alleged in his answer and asserting that Ellen was grossly negligent in the manner in which she drove her automobile. He again asserted that the sole and proximate cause of the accident was the gross negligence of Ellen and the negligence of Howard. In the concluding part of the third-party complaint, however, Mr. Wells asserted that if it should be deter-

mined that he was liable, Ellen and Howard also, as third-party defendants, were jointly liable; and thus that he would be entitled to a contribution from them. His prayer for relief asked for a contribution from Ellen and Howard of two-thirds of whatever sum he might be adjudged liable to James.

The third-party defendants, Ellen and Howard Nuelle, moved for a dismissal of the third-party complaint on the ground that it failed to state a claim upon which relief could be granted, on the premise that an unemancipated minor cannot maintain a tort action against his parents. The court treated the motion to dismiss as a motion for summary judgment under N.D.R.Civ.P. 12(b) and ordered a summary judgment of dismissal of the third-party complaint with prejudice. Mr. Wells has appealed from the summary judgment which was entered pursuant to the court's order.

In its order for summary judgment the trial court found that ours is a common law state and that there was no statutory provision in this state permitting an unemancipated minor to have a claim against his parents in tort; and that therefore the third-party complaint did not state a claim for which relief could be granted. We believe that in taking this view the trial court erred, for in this state there is no common law in any case in which the law is declared by the Code. N.D.C.C. § 1–01–06.

The legislature has established the law that applies in this case, and that law is § 9–10–06, which reads as follows:

9–10–06. Willful acts and negligence—Liability.—Every one is responsible not only for the result of his willful acts but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter, willfully or by want of ordinary care, has brought the injury upon himself. The extent of the liability in such cases is defined by sections 32–03–01 to 32–03–19, inclusive.

North Dakota Century Code.

■ Except for the effect of the guest statute, contained in Chapter 39–15, we know of no exception to the law as contained in § 9–10–06 that would apply in this case.

Section 14–09–19 provides for freeing of a child from the dominion of his parent when parental authority has been abused. It cannot be construed to deny a child's claim to relief based upon tort.

> 14–09–19. Parental abuse.—The abuse of parental authority is the subject of judicial cognizance in a civil action in the district court brought by the child, or by its relatives within the third degree, or by the county welfare board of the county where the child resides, and when the abuse is established the child may be freed from the dominion of the parent and the duty of support and education may be enforced.

North Dakota Century Code.

Section 12–26–03(4) establishes that parents are given statutory authority to use reasonable force to restrain or correct their children if restraint or correction has been rendered necessary by the children's misconduct or by their refusal to obey lawful commands of the parents. It reads as follows:

> 12–26–03. When assault or battery not unlawful.—To use or to attempt or to offer to use force or violence upon or toward the person of another is not unlawful in the following cases:
>
> \*    \*    \*    \*    \*    \*
>
> 4. When committed by a parent \* \* \* in the exercise of a lawful authority to restrain or correct his child \* \* \* if the restraint or correction has been rendered necessary by the misconduct of such child \* \* \* or by his refusal to obey the lawful command of such parent \* \* \* and the force or violence used is reasonable in manner and moderate in degree[.]

North Dakota Century Code.

It is clear that statute has no application to the instant case; it does, however, demonstrate that the legislature of this state intended to make parents immune from liability resulting from their tortious acts only under circumstances as set forth therein.

As the law applicable to this case has been established by the legislature, and as it is unambiguous, there is no need for any interpretation of it by this court, nor would any benefit be derived by reviewing herein the cases of other courts which base their decisions on the common law. It suffices to say that notwithstanding the fact that the great weight of authority is to the contrary, the trend of the decisions in recent years has been to depart very materially from the broad doctrine that an unemancipated minor cannot maintain a tort action against his parents. See Annot., 19 A.L.R. 2d 423, 427 (1951). As will be seen from reading that annotation, it is very questionable that such immunity existed even in England as common law.

Courts that have found a parental immunity from suits in tort by unemancipated children have done so on the apparently broad theory that such immunity is necessary to prevent the family discord which might result from such suits.

Wisconsin, in overruling its prior decisions upholding parental immunity rejected the family-discord argument in light of its thirty-five year experience in permitting tort actions between spouses. Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193, 196.

Without acknowledging that the reasons for immunity in suits based on tort between husband and wife would be similar to the reasons for immunity in suits based on tort between parents and children, it is interesting to note that this court, in a decision as early as 1932, in construing C.L.1913 § 4411 [now N.D.C.C. §§ 14–07–05 and 14–07–06], held that the common law rule that a wife may not sue her husband for a personal tort is wholly abrogated. Fitzmaurice v. Fitzmaurice, 62 N.D. 191, 242 N.W. 526, 529.

Although, for reasons stated in this opinion, we are not permitted to determine from a policy standpoint what the law should be, we commend for reading to those interested in those considerations the recent Minnesota Supreme Court opinion, Balts v. Balts, 273 Minn. 419, 142 N.W.2d 66.

We believe that what is said there in the majority opinion concerning parent-child immunity from suits based on tort (although that case involved the right of a parent to sue a child rather than the right of a child to sue a parent), justifies the law and thus this decision from a public policy standpoint as well as from a statutory standpoint.

We perceive no overriding public policy considerations which would permit us or require us to set aside the clear mandate of the law that applies in this case. The judgment of the trial court is therefore reversed.

TEIGEN, C. J., and STRUTZ, KNUDSON and PAULSON, JJ., concur.