**Walter TANG, a/k/a Tang Ying Chow, a minor, by Luella Abel, his Guardian Ad Litem, Plaintiff and Appellant,**

v.

**Joseph PING, a/k/a Teong Huat Ping, Defendant and Respondent.**

Civ. No. 8872.

Supreme Court of North Dakota.

July 13, 1973.

Degnan, McElroy, Lamb, Camrud & Maddock, Grand Forks, for plaintiff and appellant.

E. J. Rose and John M. Olson, Sp. Asst. Attys. Gen., Unsatisfied Judgment Fund, Bismarck, for defendant and respondent.

PAULSON, Judge.

On September 14, 1969, the appellant herein, Walter Tang [hereinafter Tang], was seriously injured in an automobile accident. Tang recovered a judgment in the sum of $9,439.00 in the district court of Grand Forks County on September 28, 1970, against Joseph Ping, respondent herein.

After execution on Tang's judgment was returned wholly unsatisfied, he filed his application for an order directing payment of the judgment from the Unsatisfied Judgment Fund. The district court denied Tang's application on the ground that Tang did not fulfill the residency requirement for payment from the Fund, as required by § 39–17–03 of the North Dakota Century Code. The district court also held that Tang was not denied equal protection of the law despite the fact that a female of the same age as Tang (20) would be considered an adult under § 14–10–01, N.D. C.C., as it existed prior to July 1, 1971, and, therefore, such female would be able to establish a residence different from the residence of her parents, under § 54–01–26, N.D.C.C. Tang has appealed from the order of the district court dated June 29, 1972, denying Tang's application for payment from the Fund.

Tang, in his appeal, asserts that the district court erred in applying subsections 4 and 6 of § 54–01–26, N.D.C.C., in determining residency under § 39–17–03, N.D.C.C., of the Unsatisfied Judgment Fund law. Tang claims that subsections 4 and 6 of § 54–01–26 need not and should not be applied in determining residency under the Unsatisfied Judgment Fund law and that if such subsections of § 54–01–26 are so applied, they are unconstitutional as denying equal protection of the law, since a female the same age as Tang, as an adult, would have been able to apply to and possibly recover from the Fund.

In Tschider v. Burtts, 149 N.W.2d 710, 712 (N.D.1967), this court stated:

"The purpose of the Unsatisfied Judgment Fund is to protect, within limits, persons who are injured by unknown or financially irresponsible motorists."

Section 1–02–01, N.D.C.C., provides, in pertinent part:

"Rule of construction of code.— . . The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice."

Therefore, Chapter 39–17, N.D.C.C., the Unsatisfied Judgment Fund law, is to be construed liberally in order to carry out its object of compensating persons injured by unknown or financially irresponsible motorists.

■ We said, in Pearson v. State Unsatisfied Judgment Fund, 114 N.W.2d 257, 260 (N.D.1962), that a claimant "is obliged to meet rigid requirements before he becomes entitled to the order" for payment of his judgment out of the Fund. The requirements for payment of a judgment from the Fund are set forth in § 39–17–03, N.D.C.C., and, as rigid as the requirements may be, they cannot be enforced in a manner that denies constitutional rights.

Joseph Ping, represented by counsel for the Unsatisfied Judgment Fund, asserts that, since the Unsatisfied Judgment Fund law does not set out how residency should be determined, resort must be had to the general residency rules in § 54–01–26, N.D.C.C. That section provides, in pertinent part:

"*Residence—Rules for determining.*— Every person has in law a residence. In determining the place of residence the following rules shall be observed:

.    .    .    .    .    .

"4. The residence of the father during his life, and after his death, the residence of the mother, while she remains unmarried, is the residence of the unmarried minor children;

.    .    .    .    .    .

"6. The residence of an unmarried minor who has a parent living cannot be changed by either his own act or that of his guardian; . . ."

For the definition of a minor, the applicable section is § 14–10–01, N.D.C.C., as it existed at the time the accident in the instant case took place. Prior to July 1, 1971, § 14–10–01 provided that minors were males under twenty-one years of age and females under eighteen years of age. Counsel for the Unsatisfied Judgment Fund asserts that the Fund only compensates residents; that Tang was twenty years old on the date of the accident and therefore was a minor; that his residence is that of his father, to wit: The Republic of Singapore; and that therefore Tang cannot recover from the North Dakota Unsatisfied Judgment Fund.

Counsel for the Fund, under his interpretation that males and females aged eighteen through twenty are treated differently, cites authority for distinguishing between males and females under the law. He cites decisions in the following cases: Bosley v. McLaughlin, 236 U.S. 385, 35 S.Ct. 345, 59 L.Ed. 632 (1915), which upheld restricted working hours for women

pharmacists; Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948), which upheld a law prohibiting women bartenders in Michigan; Wark v. State, 266 A.2d 62 (Me.1970), which upheld a statute providing for a higher penalty for men escapees than for women escapees; Gruenwald v. Gardner, 390 F.2d 591 (2d Cir. 1968), which upheld a federal statute which grants women more favorable treatment than men in computing social security benefits; and Lamb v. State, Okl.Cr., 475 P.2d 829 (1970), which upheld juvenile treatment for females until age eighteen but for males only until age sixteen. [The statute under consideration in Lamb v. State, *supra*, was held unconstitutional in Lamb v. Brown, 456 F.2d 18 (10th Cir. 1972), a habeas corpus proceeding, as denying equal protection of the law. The Lamb v. Brown, *supra*, holding was prospective only, so it did not specifically reverse Lamb v. State, *supra*.] The case of Lamb v. State, *supra*, was based on "demonstrated facts of life" that allowed different treatment for males and females; however, the "demonstrated facts of life" were not spelled out in that case. Whether or not there are "demonstrated facts of life" that allow different treatment for males and females in the cases cited by counsel for the Unsatisfied Judgment Fund is not determinative of the instant case.

Counsel for the Fund also asserts certain facts of life concerning maturity differences in males and females as justification for different treatment of males and females aged eighteen through twenty.

■ The decisions cited and the alleged maturity differences asserted by counsel for the Fund are not persuasive in the instant case. We need not determine whether recovery from the Unsatisfied Judgment Fund is a fundamental right or whether sex is a suspect criterion in this case, since we can resolve the problem presented by using a traditional equal protection criterion, namely: that of whether the classification created has any reasonable re-

lationship to the purpose of the statute in question. Morey v. Doud, 354 U.S. 457, 465, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957). We are mindful, however, that.a recent decision of the United States Supreme Court has determined that classifications based upon sex are inherently suspect and must be subjected to strict judicial scrutiny. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).

Prior to July 1, 1971, § 14–10–01 N.D. C.C., in pertinent part, read as follows:

" '*Minors*' *defined.* Minors are:

"1. Males under twenty-one years of age; and

"2. Females under eighteen years of age. . . . "

■ If § 14–10–01(1), N.D.C.C., as in effect prior to July 1, 1971, were to be applied to § 39–17–03, N.D.C.C., of the Unsatisfied Judgment Fund law as an aid in determining residency, it would deny to males ages eighteen through twenty the equal protection of the law as prescribed by the Fourteenth Amendment to the United States Constitution.

By applying § 14–10–01(1), N.D.C.C., as in effect prior to July 1, 1971, to § 39–17–03, N.D.C.C., of the Unsatisfied Judgment Fund law, males and females of the ages eighteen through twenty are classified differently, and this different classification has no reasonable relationship to the purpose of the Unsatisfied Judgment Fund law. There are no "demonstrated facts of life" or differences in maturity between males and females aged eighteen through twenty that can make bodily injury to males in that age group any less painful or any less deserving of compensation than bodily injury to females of the same age group. The purpose of the Unsatisfied Judgment Fund law is to protect qualified persons, and Tang cannot be arbitrarily excluded from that protection only because of his age or sex.

However, it must be remembered that we will construe legislation to be constitutional if at all possible. As was said in Hjelle v. Sornsin Construction Co., 173 N.W.2d 431, 432 (N.D.1970), in paragraph 3 of the syllabus:

"Courts will construe statutes so as to harmonize their provisions with the Constitution if it is possible to do so, to the end that they may be sustained."

Therefore, in order to sustain the constitutional validity of the statute in question, we hold that § 14–10–01(1), N.D.C.C., as it existed prior to July 1, 1971, should not be applied to § 39–17–03, N.D.C.C., of the Unsatisfied Judgment Fund law as an aid in determining residency. This holding is strengthened by reference to 2 Sutherland, Statutory Construction (3d Ed. Horack) § 2415, at page 193:

"If a statute has two or more objects and is valid as applied to one, but invalid as applied to another, the statute may be upheld in its valid aspect, but will be condemned in so far as it is invalid."

In addition, this court has previously held, in Montana-Dakota Utilities Co. v. Johanneson, 153 N.W.2d 414 (N.D.1967), in paragraph 14 of the syllabus, that:

"Where a part of a law is unconstitutional, that fact does not require the courts to declare the remainder void also, unless all provisions are so connected and dependent upon each other that it cannot be presumed that the Legislature would have passed one without the other."

Our holding does not declare any part of a statute totally invalid as was done in *Johanneson, supra*; rather we only prohibit application of § 14–10–01(1), N.D. C.C., as in effect prior to July 1, 1971, to the Unsatisfied Judgment Fund law, § 39–17–03, N.D.C.C.

The effect of this holding is that males and females eighteen years of age and older shall be treated uniformly in determining their residency for the Unsatisfied Judgment Fund. We express no opinion as to the applicability of § 14–10–01(1), N.D.C.C., as in effect prior to July 1, 1971, to other situations. We hold only that it has no applicability to the Unsatisfied Judgment Fund law.

In light of the preceding discussion, the order of the district court denying Tang's application for payment out of the Unsatisfied Judgment Fund is reversed, and the case is remanded to that court so that the issue of the plaintiff's residence may be determined without regard to § 14–10–01(1), N.D.C.C., as in effect prior to July 1, 1971, but with regard to § 54–01–26, N.D.C.C.

ERICKSTAD, C. J., and VOGEL, J., concur.

VOGEL, J., did not hear the argument in this case but participated in the decision on the briefs.

TEIGEN, Judge (dissenting).

I dissent. It is my opinion that the order of the trial court should be affirmed.

Section 39–17–03, N.D.C.C., limits recovery from the Unsatisfied Judgment Fund to residents of this state. Section 54–01–26, N.D.C.C., states the rules for determining residence. Subsection 4 provides that the residence of the father during his life, or the residence of the mother after the father's death while she remains unmarried, is the residence of the unmarried minor children. Subsection 6 provides that the residence of an unmarried minor cannot be changed by his own act or that of his guardian if he has a parent living.

Section 14–10–01(1), N.D.C.C., in effect prior to July 1, 1971, the time in issue here, provided that minors were males under twenty-one years of age and females under eighteen years of age. The majority have held, and with this I agree, that in order to sustain the constitutional validity of the statutory requirement of residence in order to recover from the Unsatisfied Judgment

Fund, Section 14–10–01(1), N.D.C.C., as it existed prior to July 1, 1971, should not be applied as an aid in determining residence. However, this leaves subsections 4 and 6 of Section 54–01–26, N.D.C.C., still applicable as rules for determining residence but without a statutory definition of a minor.

I cannot agree with the majority that the effect of their holding, not applying Section 14–10–01(1), N.D.C.C., "is that males and females *eighteen* years of age and older shall be treated uniformly in determining their residency for the Unsatisfied Judgment Fund" [emphasis added], because there is no statutory basis for selecting the age of *eighteen* years as a qualifying age for the purpose of determining the end of minority. In my opinion, to hold, as the majority have, constitutes judicial legislation, and the holding is also contrary to law. Under the holding of the majority there is no statutory law applicable for the purpose of determining the age of minority of one who seeks to recover from the Unsatisfied Judgment Fund. Where there is no statutory law, we apply the common law.

Section 1–01–06, N.D.C.C., provides:

"In this state there is no common law in any case where the law is declared by the code."

In re Estate of Jensen, 162 N.W.2d 861 (N.D.1968) and Nuelle v. Wells, 154 N.W.2d 364 (N.D.1967) are not applicable because in each of these cases we found that there were statutes applicable to the question at bar and thus the common law was not applied. However, in this case there is no applicable statute to apply. Under such circumstances we have held, in construing Section 1–01–06, N.D.C.C., that in the absence of statute the common law is the basic law applicable to civil rights and remedies. McLaughlin Oil Co. v. First State Bank of Buffalo, 79 N.D. 525, 57 N.W.2d 860 (1953); Reeves & Co. v. Russell, 28 N.D. 265, 148 N.W. 654 (1914). Thus where there is no express constitutional or statutory declaration upon the subject, the common law is applied. McLaughlin Oil Co. v. First State Bank of

Buffalo, *supra*; Brignall v. Hannah, 34 N.D. 174, 157 N.W. 1042 (1916).

Under the common law a person, whether male or female, attains his majority at the age of twenty-one years and this rule has generally remained in force throughout the United States except where changed by statute. 42 Am.Jur.2d Infants, § 3; 43 C.J.S. Infants § 2.

Applying the common law to the construction of Section 54–01–26, N.D.C.C., for the purpose of determining residence, does not discriminate against this male applicant for compensation from the Unsatisfied Judgment Fund, who, at the time of the accident in which he sustained injuries for which he now seeks compensation from the Fund, was twenty years of age.

For the reasons set forth, I would affirm the district court.

KNUDSON, J., concurs in the above dissent.