JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, PROSECUTOR, v. MICHAEL LIEB ET AL., RESPONDENTS.

Submitted January term, 1933—Decided April 27, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Perkins, Drewen & Nugent.*

For the respondents, *Rosario S. Mazzola.*

PER CURIAM.

This writ of *certiorari* brings up an award in favor of a petitioner in a workmen's compensation case, the prosecutor being the employer. The only question for determination is the sufficiency of a notice served by the prosecutor on its employes, including the respondent Lieb, for the purpose of putting an end to its liability under section (or division) 2 of the Compensation act, entitled "elective compensation."

The petitioner had been employed by the prosecutor as an outside insurance agent collecting his premiums in the usual manner. This employment had been on the basis of a tacit acceptance of the provisions of section 2 as provided by the

statute. However, late in November, 1929, the company concluded that it would discontinue its responsibility under section 2 and undertook to serve the notice provided by statute in such case. The statute in paragraph 9 provides that every contract of hiring shall be presumed to be made under section 2 "and unless there be as a part of such contract an express statement in writing, prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of section 2 of this act are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 of this act and have agreed to be bound thereby." *Cum. Supp. Comp. Stat.* 1924, *p.* 3871.

Paragraph 10 provides as follows: "The contract for the operation of the provisions of section 2 of this act may be terminated by either party upon sixty days' notice in writing prior to any accident."

Now the notice given by the company reads as follows:

"Workmen's Compensation Act

Notice to Employees.

In accordance with the provisions of section 10 of the Workmen's Compensation law of the State of New Jersey, you are hereby notified of this company's withdrawal, effective February 1st, 1930, of its acceptance of the obligations imposed by the said Workmen's Compensation act.

John Hancock Mutual Life Insurance Company,

November 19, 1929.  .      Michael J. Lieb,

8365            (Signature of Employee.)

Date November 20, 1929.

This copy to be signed, dated and returned."

It will be observed that the foregoing notice undertakes to effect the withdrawal of the company, not only from the obligations imposed by section 2 of the Workmen's Compensation act (elective compensation), but to withdraw its acceptance of the obligations imposed by the act itself. The commissioner held in effect that the company had undertaken to withdraw entirely from its amenability to the Workmen's Compensation act and that this it could not do. It is true

that the acceptance of the provisions of section 2 of the statute, which that act says is presumed in the absence of notice to the contrary, refers to section 2 and not to section 1, which in any event is compulsory, and it was argued by the company before the commissioner, and is argued here, that the notice should be read as withdrawing the acceptance of such provisions of the act as the company was presumed to have accepted in the first instance. However, we think that the commissioner was right. The statute provides apt and suitable language for both refusal to accept and for termination of the presumed contract. As has been set forth above, either party may notify the other party prior to an accident that the provisions of section 2 of the act are not intended to apply. This is the language of the statute itself, and paragraph 10 of the act says that "the contract for the operation of the provisions of section 2 of this act may be terminated by either party upon sixty days' notice in writing prior to any accident."

The presumption of acceptance of section 2 is one which is fundamental in the theory of the statute and there should be no substantial ambiguity either in the refusal of an employer to accept the provisions of section 2, or in a notice by the employer for the termination of such acceptance before an accident. It is noticeable that the statute both in regard to notice of non-acceptance and in regard to a notice of termination of that acceptance, is careful to speak specifically of section 2 of the act. It was a simple matter for the company to follow the statutory language, and this it did not do. While the defense is substantially a meritorious one; we feel constrained to hold that the notice was not good, and, therefore, that the writ must be dismissed, with costs.