ERVIN, Justice.
In this request for review, Petitioner contends the Florida Public Service Commission erred in ruling Wylly’s Sportsman, Inc., holder of a certificate of public convenience and necessity to transport passengers between the City of Miami Beach, Florida and Pompano Raceway at Pompano Beach, Florida, did not deviate from its certificate route in picking up or un-leading ship passengers at Port Everglades in Broward County, Florida.
Petitioner contends Wylly’s prescribed rights do not include service to or from Port Everglades because its route through Broward County to the Pompano Raceway is north on U. S. Plighway No. 1 to State Road 84, thence west on State Road 84 to the Sunshine State Parkway and north on the Parkway to the Pompano Raceway. Petitioner contends U. S. Highway No. 1 does not touch Port Everglades, the nearest point of which is on State Road 84 about 200 yards east of the intersection of State Road 84 and U. S. Highway No. 1.
*501 In its order ruling on this issue the Commission said:
“The question we must determine is whether or not the respondent can serve in charter carriage from a dock at Port Everglades under its authority and the particular statutes pertaining thereto. Insofar as it is pertinent to this proceeding, Section 323.14, Florida Statutes [F.S.A.], provides as follows:
“‘(1) Any common carrier motor carrier holding a certificate may depart from the route described in such certificate if compelled to detour on account of the closing of roads, or may depart from its authorized routes of carriage for the purpose of transporting in “charter” carriage a party of passengers to a point or points not on such route, providing such charter party originated on the route of or at points served by such carrier.’
“It is clear that in order for the respondent lawfully to have performed the charter trips in question that the charter party must have originated on the route of or at a point served by the respondent.
“The respondent holds Certificate No. L-50 for the transportation of passengers between the City of Miami Beach, Florida, on the one hand, and on the other, all of the dog and horse race tracks in Dade and Broward Counties, Florida, as well as the Jai Alai Frontons, and return over the most direct available routes. One of the routes on file with the Commission over which the respondent operates between Miami Beach and the Pompano Raceway in Broward County, north of Port Everglades, traverses U. S. Highway No. 1 to State Road 84 to the Sunshine State Parkway, thence north on the Sunshine State Parkway to State Road 814, and thence eastward on State Road 814 and local roads to the Pompano Race Track entrance.
“ * * * the Port Everglades area is under the jurisdiction of the Port Everglades Port Authority, a separate governmental agency. The entire port area is under fence, the roads within the port area have been built by and are maintained at the expense of the port authority * * *. The roads within the confines of the port area are only for the use of persons having business at the port and are not available to all the public for travel or transportation, without distinction. * * * “The western gateway affording access to the port area is at the intersection of U. S. Highway No. 1 and State Road 84, at which point Commission jurisdiction begins and which intersection is on one of the authorized routes of the respondent on file with this Commission. Respondent holds Certificate of Public Convenience and Necessity No. L-50 and its right to conduct charter carriage operations is inherent in said certificate and guaranteed by Section 323.14(1), Florida Statutes [F.S. A.], so long as such charter party originates at any point on the authorized routes of the respondent or originates at any point served by the respondent.”
We do not feel free to disturb the findings of the Commission. Charter service irregular in nature must be sufficiently flexible if varying needs of the public for such transportation are to be provided. In view of the findings of the Commission, we cannot say Port Everglades is so remotely located off the certificated route of Wylly’s as to preclude it from transporting ship passengers to and from the docks of the Port. It is true there are about 200 yards between the roadway route described in the Wylly’s certificate and the gateway to the Port which must be entered in order to reach the docks, but having to traverse this distance does not necessarily result in Port Everglades being off the certificated route. Furthermore, the highway route described in the certificate appears to be adjacent to the boundary of the Port. We agree with the Commission the fact that private roads connect the docks of the Port with the state highway described in the certificate does not operate to place
*502 the Port off the certificated route when considered in terms of transportation service for the public to and from the docks.
Furthermore, we should accord to the Commission, which has the administrative duty to make initial determinations in cases of this kind, sufficient latitude and discretion to make findings and rulings with a view to practical considerations, except where abuse of discretion is clearly manifested.
The petition is denied.
THORNAL, C. J., DREW and CALDWELL, JJ., and DURDEN, Circuit Judge, concur.