JAMES LICATA, PLAINTIFF-RESPONDENT, AND WILLIAM LARDIERI, PLAINTIFF, v. RICHARD LUTZ, DEFENDANT, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT-APPELLANT.

Argued September 12, 1966 — Decided December 5, 1966.

256

*Mr. William O. Barnes, Jr.* argued the cause for defendant-appellant.

*Mr. Bernard I. Kramer* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

SCHETTINO, J. In 1961 the owner Lardieri and driver Licata, the plaintiffs here, entered into an agreement whereby Licata operated a taxicab under terms almost identical to those described in the case of *Naseef v. Cord*, decided today. 48 *N. J.* 317 (1966). The same paragraph 8 appeared in the contract:

"The parties further agree that the provisions of Article II, Chapter 15, Revised Statutes of New Jersey 34:15-7 et seq., commonly known as the Workmen's Compensation Act, shall not apply to either of them or this contract."

As a result of an accident involving plaintiff Licata and Richard Lutz, an uninsured motorist, a consent judgment was entered between the Unsatisfied Claim and Judgment Fund of New Jersey (Fund) and plaintiffs, awarding William Lardieri, owner of the taxi, damages for loss of property and James Licata, driver of the taxi, damages for personal injuries. Plaintiffs moved to compel payment by the Fund in accordance with the entered judgment. The trial court found compliance with the provisions of the Fund law and ordered

payment. The Fund then moved to vacate the order for payment. The motion to vacate was denied and payment to the judgment by the Fund was again ordered. There was no appeal from so much of the order as required payment to the owner Lardieri.

The Appellate Division affirmed. We granted certification on the Fund's petition. 46 *N. J.* 608 (1966).

The Fund resists the claim for personal injuries on the ground that plaintiff was covered by the Workmen's Compensation Act, *N. J. S. A.* 34:15–1 *et seq.*, and, therefore, not entitled to the benefits under *N. J. S. A.* 39:6–70(a), which provides:

"The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show
(a) He is not a person covered with respect to such injury or death by any workmen's compensation law, or the personal representative of such a person, * * *."

The Fund reads the statute to embrace Article I of the Workmen's Compensation Act, which is that portion (*N. J. S. A.* 34:15–1 through 34:15–6) which redefines the common-law tort remedies against a negligent employer and eliminates certain defenses. Under this broad reading of the statute, even if paragraph 8 succeeds in barring petitioner's claim under Article II, petitioner still would have the benefits of Article I, as the provisions of this article are imposed by law and cannot be barred. *John Hancock Mutual Life Ins. Co. v. Lieb,* 11 *N. J. Misc.* 316, 165 *A.* 720 (*Sup. Ct.* 1933), affirmed o. b. 113 *N. J. L.* 34 (*E. & A.* 1934). The logical conclusion of this argument is that the employee covered by Article I cannot claim against the Fund even if his employer is not negligent, thus leaving the employee without a remedy against either the Fund or his employer.

It is most unlikely that the Legislature could have intended the statute to have such a restrictive meaning which would exclude many persons who have legal and just claims.

The title of the Fund Act indicates rather clearly that not all persons are to have the benefits of the Fund when it states that the act is to provide "payment of damages for injury to or death of *certain* persons and for damages to property * * * in *certain* cases." (Emphasis added) L. 1952, c. 174, p. 570, § 1 (N. J. S. A. 39:6–61). The purpose of the Fund Act is to compensate victims who have no remedy because the parties responsible are unknown or insolvent and uninsured. Among those excluded from the benefits of the Fund are those who readily have a remedy elsewhere. See N. J. S. A. 39:6–70 (a to m) and N. J. S. A. 39:6–71(b), (1). See *Current Trends in State Legislation* 1953–1954, University of Michigan Law School, *pp.* 45–125.

Article I coverage and Article II coverage are easily differentiated. The remedies under Article II are the simple, ordinary workmen's compensation schedule of benefits before the Division of Workmen's Compensation. N. J. S. A. 34:15–12. The employee who is covered by Article II has a remedy that is readily available and difficult to defeat.

The Article I remedy imposes more burdens upon the employee. The employee who is covered by Article I must be ready to face the rigors of litigation in the law courts. *Zietko v. N. J. Manufacturers Casualty Ins. Co.,* 132 N. J. L. 206 (E. & A. 1944); *Cowart v. Freehold,* 127 N. J. L. 215 (E. & A. 1941); compare *Mason v. Niewinski,* 66 N. J. Super. 358 (App. Div. 1961). He must allege and prove negligence on the part of his employer, N. J. S. A. 34:15–1. Even though his injury arose by accident out of and in the course of his employment, he is not guaranteed a recovery. In no sense can an employee covered only by the provisions of Article I be considered "covered * * * by any workmen's compensation law" within the meaning of N. J. S. A. 39:6–70 (a). See *Bass v. Allen Home Improvement Co.,* 8 N. J. 219, 226 (1951).

Of course, a petitioner would have to comply with the provision of the Fund Act that requires a Fund claimant to show whether he has recovered against "any other person

against whom he has a cause of action." *N. J. S. A.* 39:6–70 (m). In addition, before awarding payment out of the Fund, a court is required to satisfy itself that the claimant has, pursuant to *N. J. S. A.* 39:6–71 (b),

"* * * fully pursued and exhausted all remedies available to him for recovering damages against all persons * * * by

(1) Commencing action against all persons against whom the applicant might reasonably be considered as having a cause of action * * * and prosecuting every such action in good faith to judgment * * *."[1]

As was stated in *Naseef,* the success or failure of paragraph 8 depends upon whether, considering all the circumstances, it was understood by the employee that he was not to have the benefits of Article II coverage. See *Naseef, supra; John Hancock, supra.*

Here, unlike *Naseef,* the employee does not raise the issues of the sufficiency of the notice or the ambiguity thereof under paragraph 8. Nor does he contend that he misunderstood the employer's notice to him. Plaintiff Licata states that he knew and understood the owner's intention by paragraph 8 and the legal consequences thereof.

Similarly, the owner, Lardieri, does not challenge the sufficiency or the ambiguity of the notice, nor could he if he were so disposed. Neither Lardieri nor Licata contend that paragraph 8 is unenforceable because it is found in an agreement illegal under a Newark ordinance. It is the Fund that injects this issue into the case under *N. J. S. A.* 39:6–70(a).

The Fund also argues that paragraph 8 is unenforceable because it is found in an illegal agreement and Licata therefore receives the presumptive coverage of Article II and may not recover against the Fund under *N. J. S. A.* 39:6–70(a).

We find no merit in this argument. The employer could not be heard to say that his notice was defective, and we see

---

[1] For example, if an employer was negligent and as a result thereof the employee was injured, the employee would be required to sue his employer under Article I.

no basis for such an argument's coming out of the mouth of the Fund. We believe the Legislature did not intend to permit the Fund to dispute the arrangements made between an employer and employee, at least in the absence of a collusive intent to defraud the Fund.

■ As already noted, the purpose of the Fund Act is to compensate victims who have no remedy readily available elsewhere because the parties responsible are unknown or insolvent and uninsured. Persons who have a remedy readily available, such as Article II Workmen's Compensation coverage, are excluded from the benefits of the Fund Act.

It is most improbable that the Legislature intended that the provisions of *N. J. S. A.* 39 :6–70 (a) permit the Fund to raise subtleties of the Workmen's Compensation Law not raised by either the employer or the employee in order to defeat an otherwise valid claim against the Fund. Such an interpretation would be inconsistent with the beneficent purpose of the Fund Act.

Thus, it is not necessary to consider the issue of the legality of the "lease arrangement" under the Newark ordinance.

■ Plaintiff was not covered by Article II of the Workmen's Compensation Act and, as he has complied with all of the requirements of the Unsatisfied Claim and Judgment Fund Law, is thus entitled to recover against the Fund.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.