104 N.J. Super. 139 (1969)
249 A.2d 10
THOMAS F. SHEBELL, PLAINTIFF-RESPONDENT,
v.
JUNE STRELECKI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, STATE OF NEW JERSEY, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANTS-APPELLANTS, AND JAMES LIVELY AND HAROLD A. SHERMAN, DEFENDANTS-RESPONDENTS, AND MANUEL J. RAHTJEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1968.
Decided January 8, 1969.
*141 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Thadeus Raczkowski, Deputy Attorney General, argued the cause for defendants-appellants (Mr. Thomas J. Savage, Deputy Attorney General, of counsel and on the brief; Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
Mr. Harold A. Sherman argued the cause pro se (Messrs. Mandel, Wysoker, Sherman, Glassner, Weingartner & Feingold, attorneys).
Mr. Thomas F. Shebell, Jr. argued the cause for defendant-respondent Manuel J. Rahtjen (Mr. Carl Olsan, of counsel; Mr. Philip G. Becker, attorney).
Thomas F. Shebell pro se filed a statement in lieu of brief.
*142 The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This appeal in an interpleader case actually involves the effort of the Unsatisfied Claim and Judgment Fund Board to recover back $9,000 paid to one Manuel J. Rahtjen, under a court order which directed payment out of the Unsatisfied Claim and Judgment Fund of a $9,000 judgment entered against an uninsured motorist. The trial court held that the Board was not entitled to recover back the $9,000. The Director of the Division of Motor Vehicles and the Board have appealed this decision. For reasons hereinafter detailed we reverse.
On February 9, 1962 Manuel Rahtjen was seriously injured in a motor vehicle accident involving James Lively, an uninsured driver. Notice was given to the Unsatisfied Claim and Judgment Fund Board, and suit was commenced against Lively by Rahtjen, who was represented by Harold A. Sherman, Esq. Ultimately, a settlement was worked out with the Board and Lively and, on June 19, 1963, a consent judgment was entered in favor of Rahtjen and against Lively for $9,000 without costs.
Thereafter, Rahtjen applied for payment of said judgment out of the Unsatisfied Claim and Judgment Fund. As required by N.J.S.A. 39:6-70, in his sworn application he represented, among other things, that: "I am not a person covered with respect to the injury in this case by workmen's compensation," and "I have not recovered a judgment in any action against any other person against whom I have a cause of action in respect to the damages or bodily injuries arising out of this accident." The application was not opposed by the Fund.
On July 15, 1963 the trial court ordered that Rahtjen be paid the amount of his judgment, out of the Fund. The order also required defendant Lively to repay the Fund the amount of $5 a month. An assignment of the judgment to the Director of the Division of Motor Vehicles was duly executed by Rahtjen. Out of the $9,000 received, Rahtjen *143 paid his attorney Harold A. Sherman $2,200 for counsel fees and costs.
In February 1964 Rahtjen, through other counsel, filed a workmen's compensation claim for the same injuries sustained by him in the February 9, 1962 automobile accident.
On March 25, 1966, while the workmen's compensation proceedings were pending, an order entitled in the Rahtjen v. Lively cause was entered restraining Rahtjen and his attorney, Thomas F. Shebell, Esq., from disbursing the proceeds of any settlement or recovery entered in Rahtjen's workmen's compensation case until the further order of the court.
On November 2, 1966 the Division of Workmen's Compensation, having received testimony and stipulations, ordered the dismissal of Rahtjen's claim petition. At the same time respondent therein and its insurance carrier agreed to pay by way of compensation to Rahtjen the sum of $24,750, pursuant to N.J.S.A. 34:15-16, which payment was approved by Division order.
Counsel for Rahtjen then moved to vacate the order of March 25, 1966. As a result, a further order was entered directing Mr. Shebell to retain $9,000 out of the proceeds received by Rahtjen in the workmen's compensation proceeding and to file a complaint in interpleader as to the $9,000, joining all interested parties as defendants in the suit.
At the hearing in the interpleader suit the trial court rejected the claim that the Fund was entitled to recover back the $9,000 payment made to Rahtjen. The court held that there was no provision in the Unsatisfied Claim and Judgment Fund Law which requires a person who has received payment from the Fund to repay or reimburse the Fund out of moneys received at a later date from another source for the same injuries. The court also held that the Fund was estopped to seek reimbursement, since it had participated in the investigation and defense of Rahtjen's suit against Lively and had not disputed Rahtjen's assertion *144 that he met the eligibility requirements of N.J.S.A. 39: 6-70 for payment of his judgment. The court ordered that the $9,000 be paid over to Manuel Rahtjen. As heretofore noted, the Director and the Board have appealed.
Preliminarily, it is to be noted that there is nothing in the record to indicate any concealment or fraud on the part of Rahtjen when he applied for and received payment of the judgment out of the Fund. Rahtjen's assertion that the idea of possible recovery in a compensation proceeding was conceived afterwards, and after he had consulted other counsel, is not disputed on this appeal.
The Unsatisfied Claim and Judgment Fund Law requires a claimant to satisfy specified conditions of eligibility before he can obtain payment of his judgment out of the Fund. In the instant case, Rahtjen was required, among other things, to show under N.J.S.A. 39:6-70:
"(a) He is not a person covered with respect to such injury or death by any workmen's compensation law, or the personal representative of such a person,

* * * * * * * *
(m) Whether or not he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and what amounts, if any, he has received by way of payments upon the judgment, or by way of settlement of such cause of action, in whole or in part, from or on behalf of such other person."
Section 71 of the statute (N.J.S.A. 39:6-71) provides for entry of an order for payment out of the Fund if the court is satisfied upon the hearing:
"(a) Of the truth of all matters required to be shown by the applicant by section 10 [N.J.S.A. 39:6-70],
(b) That the applicant has fully pursued and exhausted all remedies available to him for recovering damages against all persons mentioned in subparagraph (m) of section 10 by
(1) Commencing action against all such persons against whom the applicant might reasonably be considered as having a cause of action in respect of such damages and prosecuting every such action in good faith to judgment and
*145 (2) Taking all reasonable steps available to him to collect on every judgment so obtained and by applying the proceeds of any judgment or recovery so obtained towards satisfaction of the amount due upon the judgment for payment of which the claim is made.
Any amount which the plaintiff has received or can collect by way of payments upon the judgment or by way of settlement of the cause of action, in whole or in part, from or on behalf of any person other than the judgment debtor, described in subparagraph m of section 10, shall be deducted from the amount due upon the judgment for payment of which claim is made."
It is true that there is no specific provision in the Unsatisfied Claim and Judgment Fund Law relating to the recovery of moneys paid to a claimant under a mistake of fact or law. However, it seems clear that such recovery may be had. This is a public trust fund established for the protection of persons injured in automobile accidents in this State. Where it is made to appear that there has been an improper or illegal payment out of the Fund, the recipient can be required to make repayment to preserve the integrity of the Fund and maintain the basic purpose which it serves. See 5 Williston, Contracts (rev. ed. 1937), § 1590, p. 4436; Restatement, Restitution, § 46(a); State ex rel. Callaway v. Axtell, 74 N.M. 339, 393 P.2d 451 (Sup. Ct. 1964).
In resisting the Fund's claim to the $9,000, Rahtjen argues that in fact he was not covered under the Workmen's Compensation Act for the injuries which he received in the automobile accident, as evidenced by the fact that his claim petition was dismissed.
We do not agree. The dismissal of the claim petition, and the concomitant agreement to make a payment to Rahtjen under N.J.S.A. 34:15-16, manifestly indicates that the matter was settled and the payment made to Rahtjen as part of the settlement. The order of the compensation judge approving the payment recites that the employer and its insurance carrier have "made known their desire to pay by way of compensation to the petitioner the sum of $24,750."
*146 In any event, it is not of critical importance whether this payment should be regarded as workmen's compensation in view of the provisions of N.J.S.A. 39:6-71, supra, that any amount which plaintiff has received or can collect from any person for the same injuries and damage shall be deducted from the amount which the Fund is called upon to pay.
In short, we conclude that the Fund is entitled to recover back the $9,000.
Rahtjen argues that in the event it is determined that the $9,000 should be turned over to the Fund, Mr. Sherman, his lawyer in the automobile accident case, could be called upon to repay Rahtjen the $2,200 for counsel fees and costs received by Sherman out of the $9,000 Fund payment.
Aside from the question whether this contention is properly before us, we find it lacking in merit. The judgment obtained by Rahtjen against Lively still remains in full force and effect. This judgment is to be reassigned to Rahtjen by the Fund. In addition, there should also be turned over to Rahtjen any payments made on account of said judgment. We also note that Mr. Sherman's services were not limited to the obtaining of the money judgment, and that he secured the waiver of a hospital lien of approximately $11,000.
Rahtjen also argues that in the event it be determined that the Fund is entitled to be repaid the $9,000, that he be given a credit for the $4,800 counsel fee and the $100 medical fees awarded in the compensation court and paid by him out of the award, since these services have now resulted in a substantial benefit to the Fund.
It can be argued that this is only equitable to require the Fund to credit Rahtjen with a proportionate share of the medical and legal fees paid by him in the Workmen's Compensation proceeding. Approximately 36% of the payment made to Rahtjen in that proceeding will be turned over to the Fund. However, we conclude that since payment of plaintiff's judgment would not have been authorized under *147 the statute, had the true facts been known at the time, the Fund should not be called upon to bear any portion of the fees in question.
The judgment is reversed and the matter remanded to the trial court for entry of judgment in conformity with this opinion.