106 N.J. Super. 254 (1969)
255 A.2d 279
FRANK E. PAIGE, PLAINTIFF-APPELLANT,
v.
RED TOP, INC., DEFENDANT-RESPONDENT, AND RUBIN B. WHITE, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 26, 1969.
Decided June 26, 1969.
*255 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Stanley W. Greenfield argued the cause for appellant.
Mr. Jerry M. Finn argued the cause for respondent (Messrs. Goldberger, Siegel & Finn, attorneys).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Plaintiff Paige, a passenger in a taxicab owned by Red Top, Inc. and driven by White, was injured on July 16, 1965 when the taxicab collided with another automobile.
Paige instituted this personal injury negligence action against Red Top, White, and the driver and owner of the other automobile. The latter cross-claimed for property damage against Red Top and White. At the close of the testimony and before summation, the trial court granted Red Top's motion to dismiss the action as against it. The jury found that the collision was attributable solely to White's negligence and awarded plaintiff Paige damages of $40,000 and $900 to the owner of the other car.
The matter is before us on plaintiff's appeal from the dismissal granted Red Top.
Red Top was the holder of a license issued by the City of Newark permitting it to operate its taxicab upon the streets of that city. By lease dated August 15, 1964 between Red Top as lessor and White as lessee, Red Top leased and rented its "Taxicab No. 7" to White "for the conveying, transporting and carrying all persons in and about the streets of the City of Newark, New Jersey, together with the fares, charges and profits of said taxicab at a daily rental of $10.00," to be paid each day in advance.
*256 The lessor agreed to make all necessary repairs and replacements. The lease was terminable by either party on three days' notice and would immediately terminate if the lessor ceased to be a member of the Newark Twentieth Century Taxicab Association. The agreement further provided that the lessee was to be deemed an independent contractor, and
"that he is not accountable for the fares collected nor subject to the control and direction of the Owner, except that he will operate the taxicab in accordance with the rules and regulations of the Newark Twentieth Century Taxicab Association and the ordinance of the City of Newark, New Jersey."
Assignment or subletting without the lessor's written consent was prohibited, as was the employment by the lessee of any person to drive or operate the taxicab. The lessee agreed not "to suffer any act to be done which may cause a forfeiture of the franchise, permit or license of said taxicab" and also to pay Federal, state and municipal taxes. Finally, the agreement stipulated that the "Workmen's Compensation Act shall not apply to either of [the parties] or this contract."
In granting the dismissal as to Red Top, the trial court ruled that the relationship between Red Top and White under their written agreement was that of lessor and lessee of an automobile, so that the controlling principle was that normally applicable to the situation where a bailor for hire of a vehicle has been sought to be charged with the negligence of his bailee, viz.,
"that in the absence of a showing of negligence by the bailor in renting to an irresponsible bailee, the bailor is not liable for the negligent use of the chattel by the bailee." (Schimek v. Gibb Truck Rental Agency, 69 N.J. Super. 590, 592 (App. Div. 1961).
But the lease here was not merely the lease of an automobile; it was the lease of a taxicab, "together with the fares, charges and profits of said taxicab." The applicable statute refers to a taxicab as an "autocab" and defines it as, *257 "[an] automobile or motor car, commonly called taxi, engaged in the business of carrying passengers for hire which is held out, announced or advertised to operate or run or which is operated or run over any of the streets or public highways of this state, and particularly accepts and discharges such persons as may offer themselves for transportation from points or places to points or places within or without the state," (R.S. 48:16-1).
"The right to operate a taxicab is a franchise." Naseef v. Cord, Inc., 90 N.J. Super. 135, 140 (App Div. 1966), affirmed 48 N.J. 317 (1966). Operation of an automobile as a taxicab is limited by law to those who have obtained the requisite governmental permission to do so.
So, R.S. 48:16-2 provides:
"No autocab [taxicab] shall be operated along any street in any municipality until the owner thereof shall obtain the consent of the elective governing body or member thereof having control of the public streets in the municipality."
Further, if the municipality has exercised the power granted it by N.J.S.A. 40:52-1(a) to adopt an ordinance to license and regulate "vehicles used for the transportation of passengers * * *," one seeking to operate his automobile as a taxicab must also apply for and obtain the required license.
The lease itself recites that Red Top is the holder of a "franchise, permit or license." The lease was not only a lease of Red Top's automobile but also of its franchise, a special privilege to use the public streets for private profit granted by a governmental agency pursuant to statutory authority. 12 McQuillin, Municipal Corporations, § 34.07, p. 23; McCray v. Chrucky, 68 N.J. Super. 533 (Cty. Ct. 1961); Hart-v. Seacoast Credit Corp., 115 N.J. Eq. 28 (Ch. 1933), affirmed 116 N.J. Eq. 573 (E. & A. 1934).
By execution of the lease, Red Top gave White permission to use its franchise. Even if White be deemed in fact an independent contractor, as the lease says he is, Red Top may not avoid liability to plaintiff Paige for White's negligence in the exercise of that franchise.
*258 As the Supreme Court said in Trautman v. Higbie, 10 N.J. 239, 244 (1952) and reiterated in Honey v. Brown, 22 N.J. 433, 439 (1956):
"Where one operates a vehicle under a governmental franchise in the field controlled thereby he assumes liability for the acts done by others to whom he grants permission to use that franchise."
Accord, 8 Am. Jur.2d, Automobiles and Highway Traffic, § 568, p. 120; 41 Am. Jur.2d, Independent Contractors, § 39, p. 802; see also Cox v. Bond Transportation, Inc., 53 N.J. 186 (1969); cf. Frank Martz Coach Co. v. Hudson Bus Transp. Co., 23 N.J. Misc. 342, 44 A.2d 488, 491 (Sup. Ct. 1945); Karpinski v. Borough of South River, 85 N.J.L. 208, 211 (E. & A. 1913).
The rule is stated in Restatement, Agency, 2d, § 214, comment (b), as follows:
"b. Action illegal unless licensed. When a license is required for the performance of acts, one having a license who delegates performance of the acts to another is subject to liability for the negligence of the other. Thus, a trucking company doing an interstate business requiring a license is liable for the negligence of an independent contractor whom it employes to do some of the work."
Our conclusion that the common law rule makes Red Top liable to the taxi passenger Paige for the injuries caused by White's negligent operation of the taxicab makes it unnecessary for us to determine whether such liability would in any event be imposed in favor of Paige by section 31.36.39 of the Newark taxi ordinance which provides:
"Every holder [of a taxicab license] shall be responsible for the operation of the vehicle for which the license has been granted regardless of the legal relationship between such holder and the driver of said vehicle,"
or whether the effect of the section is limited to the disciplinary action which may be taken by the municipality when a violation of the taxi license ordinance occurs.
*259 Nor is there any need for us to pursue the issue as to the legality of the "lease arrangement" under the Newark ordinance, an issue which the Supreme Court has found it unnecessary to resolve as yet. See Licata v. Lutz, 48 N.J. 255, 260 (1966); but cf. Naseef v. Cord, Inc., 90 N.J. Super. 135, 140-143 (App. Div. 1966), affirmed on other grounds, 48 N.J. 317 (1966).
Red Top's motion for dismissal should not have been granted. However, since it was, the verdict returned by the jury when Red Top was no longer a party to the action is not binding on it either as to liability or damages. 30A Am. Jur., Judgments, § 429, p. 480.
The order dismissing the action as to Red Top, Inc. is reversed and the cause remanded for a new trial of plaintiff's action against it.