ERVIN, Justice.
We review herein orders of the Public Service Commission penalizing Petitioner Hartman Transportation, Inc., a motor carrier, for exceeding its charter party passenger transportation certificate authority.
It appears to us that Petitioner Hartman Transportation, Inc., has certificate authority under pertinent grandfather provisions of the Florida Statutes to operate as a charter carrier as a matter of right over the “closed door” portion of its regular certificate routes between Melbourne and Kennedy Space Center. Such authority is contained in Order No. 9292, dated January 13, 1971, because it was applied for by Petitioner prior to October 1, 1970, and hearings on the application were concluded before that date.
At the time of Petitioner’s application for the grant of authority contained in Order No. 9292, Section 3, Chapter 2S418, Laws of Florida 1949, as amended by Section 1, Chapter 63-496, Laws of Florida 1963, and brought forward in Section 323.-14(1), Florida Statutes, F.S.A., provided:
“(1) Any common carrier motor carrier holding a certificate may depart from the route described in such certificate if compelled to detour on account of the closing of roads, or may depart from its authorized routes of carriage for the purpose of transporting in charter carriage a party of passengers to a point or points not on such route, providing such charter party originated on the route of or at points served by such carrier.” (Emphasis added.)
See the case of Gray Line Tours of Fort Lauderdale, Inc. v. Florida Public Service Commission (Fla. 1966), 186 So.2d 500, setting forth the Commission’s and this Court’s construction of Section 323.14(1).
This authority was modified by Chapter 70-158, Laws of Florida, effective October 1, 1970, and codified as F.S. Section 323.-14, F.S.A., as follows:
“(2) Authority to engage in charter operation shall not be granted as a matter of right in any certificates issued subsequent to October 1, 1970, except in certificates issued pursuant to application filed prior to that date, unless the applicant has proved in an appropriate pro *39 ceeding that public convenience and necessity require such operation. In no event may the Commission grant charter rights except in conjunction with the grant of regular route certificates to motor common carriers of passengers. Any such certificates authorizing the transportation of passengers in charter carriage will include the authority to depart from its authorized routes of carriage to transport a party of passengers to any point or place in the State, provided the charter party originates at a point authorized to be served on the regular route of the carrier. The carrier may originate charter parties from points it is not authorized to serve on or off its regular routes if those points are not served by another regular route motor common carrier authorized to perform charter carriage.
‡ * * ‡ * ‡
“(4) Any regular route motor common carrier of passengers holding a certificate prior to October 1, 1970, authorizing the transportation of passengers, baggage, mail, and light express, and any such carrier receiving any certificate issued pursuant to application for same pending prior to that date, shall have as a matter of right (unless restricted by its certificate from engaging in charter carriage) the authority to depart from its authorized routes of carriage to transport in charter carriage a party of passengers to any point or place in the State, if such charter party originates at a point authorized to be served on the regular route of the carrier. The carrier may originate charter parties from points it is not authorized to serve on or off its regular routes if those points are not served by another regular route motor common carrier authorized to perform charter carriage.
“(5) The provisions of subsections (2) and (4) shall not be construed to affect in any way the charter rights held by motor common carriers in this state prior to October 1, 1970, and such motor common carriers of passengers holding certificates on that date may depart from their authorized routes of carriage for the purpose of transporting in charter carriage a party of passengers to a point or points not on such routes if such charter party originated on the route of or at points served by the carrier.” (Emphasis added.)
It is our view of F.S. Section 323.14, F. S.A., that it does not preclude to holders of charter party certificates who filed application for same prior to October 1, 1970, the right of departure authority conferred by Section 323.14(1), as it existed prior to October 1, 1970. The italicized language in Section 323.14(2) is obviously a “grandfather” exception for certificate holders of charter party authority who had duly applied for the same prior to October 1, 1970. The language expressly reads:
“Authority to engage in charter operation shall not be granted as a matter of right in any certificates issued subsequent to October 1,1970 except in certificates issued pursuant to application filed prior to that date . . (Emphasis added.)
The grandfather clause refers to certificates issued subsequent to October 1, 1970, but which were applied for prior to that date. It does not limit this grandfather authority to certificates for charter parties which were issued prior to October 1, 1970, as the Public Service Commission contends. Subsection 4 of Section 323.14 likewise speaks in the conjunctive of certificate holders who received their certificates before October 1, 1970, and of
“any such carrier receiving any certificate issued pursuant to application for same pending prior to that date, [October 1, 1970] shall have as a matter of right (unless restricted by its certificate from engaging in charter carriage) the authority to depart from its authorized routes of carriage to transport in charter carriage a party of passengers ...” (Emphasis added.)
*40 Obviously this language refers to both charter party carriers who received their authority before October 1, 1970, as well as those who subsequently received such authority but had their applications pending prior to that date.
It is true that subsection (5) of Section 323.14 ostensibly appears to contradict the “grandfather” clauses of subsections (2) and (4), but a close reading of subsection (5) indicates it merely emphasizes that charter rights held prior to October 1, 1970, shall not be affected by the restrictions in subsections (2) and (4) which we have seen “grandfathered” charter party certificate holders of Petitioner’s class.
Grandfather clauses which preserve transportation privileges of carriers are favored in the law because they tend to protect rights either existing or in the process of being obtained prior to cut-off dates. Accordingly, the legislative intent of Section 323.14 should be liberally construed in keeping with traditional objectives of grandfather or saving clauses. In this case, Petitioner had duly filed application for charter party rights authority on the stated routes prior to October 1, 1970, and had expended money and effort to secure the authority it later received. Hearing had been concluded on the application prior to that date. The granting of the certificate to Petitioner was delayed by processing through no fault on its part beyond the October 1, 1970, cut-off date.
The petitioner has brought to our attention orders of the Commission relating to other motor carriers which appear to have accorded to them the grandfather rights under Section 323.14(1) as it existed prior to October 1, 197Q. We agree this apparent inconsistency of statutory application is contrary to our holding in Blair Contracting Company v. Mason (Fla.1968), 211 So. 2d 15.
We think the orders of the Commission penalizing the Petitioner because it is exercising as a matter of right authority' grandfathered to it by the statutes should be and they are hereby quashed.
It is so ordered.
ADKINS, C. J., and BOYD and DE-KLE, JJ., concur.
ROBERTS, J., dissents.