619 So.2d 321 (1993)
Sheik HAMID and Nisa Hamid, Appellants,
v.
METRO LIMO, INC., a Florida Corporation, D/B/a Metro Taxi and Metro Taxi, Inc., William M. Young, Pearl Gale, Howard Gale, Sigmund Zilber and Percy Irani, Appellees.
No. 92-1184.
District Court of Appeal of Florida, Third District.
April 27, 1993.
Rehearing Denied June 22, 1993.
Friedman and Friedman; Paul, Landy, Beiley & Harper and Patrice A. Talisman, Miami, for appellants.
Robert G. Corirossi, Miami, for appellees.
Before NESBITT, FERGUSON and COPE, JJ.
*322 FERGUSON, Judge.
The issue presented is whether the holder of a for-hire license on a taxicab may be held liable for the driver's negligence. The trial court answered the question in the negative, granting summary judgment in favor of the license holder. We reverse.
Hamid was seriously injured when his car was struck by a taxicab which ran a stop sign. Hamid sued, among others, Howard and Pearl Gale, holders of the for-hire license under which the cab was operating. Summary judgment was granted on the ground that the Gales' holding of the license was not a sufficient basis on which to impose liability. We disagree for the following reasons.
A taxicab is a common carrier. Nazareth v. Herndon Ambulance Serv., Inc., 467 So.2d 1076 (Fla. 5th DCA), rev. denied, 478 So.2d 53 (Fla. 1985); Ace Cab Co. v. Garcia, 140 So.2d 338 (Fla. 3d DCA), cert. denied, 146 So.2d 375 (Fla. 1962); New Deal Cab Co. v. Meyer, 139 So.2d 189 (Fla. 1st DCA 1962). The right to operate common carriers is not an inherent right, but a mere privilege. Hartman Transp. Inc. v. Bevis, 293 So.2d 37 (Fla. 1974); Riley v. Lawson, 106 Fla. 521, 143 So. 619 (1932). The privilege can be acquired only by permit, license, or franchise emanating from the governmental unit. City of Miami v. South Miami Coach Lines, Inc., 59 So.2d 52 (Fla. 1952); Jarrell v. Orlando Transit Co., 123 Fla. 776, 167 So. 664 (Fla. 1936).
Dade County controls the granting of this privilege through the issuance of for-hire licenses. Chapter 31 of the Dade County Code imposes numerous conditions on the issuance of such a license. See, e.g., §§ 31-81, 82, 88 Code of Metropolitan Dade County. Generally, when an activity can be performed only pursuant to a license or franchise granted by a governmental entity, the licensee or franchisee remains responsible for the performance of the activity  no matter who actually performs it. See Restatement (Second) of Torts § 428 (1965); Restatement (Second) of Agency § 214 cmt.b. (1958).
This principle of law applies to common carriers.
A common carrier of passengers cannot, without specific legislative authority, relieve itself from liability for violation of a contract or its general duty to the public, or for torts, by means of a lease or other contract for the operation of its facilities by another company.
9 Fla.Jur.2d Carriers § 115, at 221 (1979). See also 14 Am.Jur.2d Carriers § 895, at 332 (1964); Fowler V. Harper, Fleming James, Jr., Oscar S. Gray, 5 The Law of Torts § 26.11 (2d ed. 1986) (railroad or bus line chartered by the legislature is liable for its lessee's negligence which injures passengers or third persons). Compare § 324.021(9)(b) (automobile lessor is absolved of liability for lessee's negligence if certain statutory conditions are complied with).
The grant of the for-hire license carries with it the responsibility to see that the cab operation is carried out in a non-negligent manner. Accordingly, the Gales, as license holders, are liable for the driver's negligence. See, e.g., Paige v. Red Top, Inc., 106 N.J. Super. 254, 255 A.2d 279 (N.J. Super.) (The right to operate a taxicab is a special privilege, a franchise. A franchise holder may not avoid liability for the negligence of person to whom he grants permission to use that franchise.), cert. denied, 54 N.J. 115, 257 A.2d 113 (N.J. 1969).
Summary judgment is reversed.