712 A.2d 670

HERBERT BASHIR, PLAINTIFF–APPELLANT, v. COMMISSIONER OF THE DEPARTMENT OF INSURANCE, DESIGNATED DEFENDANT IN A HIT & RUN CASE, DEFENDANT–RESPONDENT, AND HARTFORD INSURANCE COMPANY, A CORPORATION OR BUSINESS ORGANIZATION, TWIN CITY FIRE INSURANCE COMPANY, A CORPORATION OR BUSINESS ORGANIZATION, SONDHEIM & LOUGHLIN, INC., A CORPORATION OR BUSINESS ORGANIZATION, SPERO MARGEOTES DIAMOND COACH LIMO SERVICE, INC., A CORPORATION OR BUSINESS ORGANIZATION, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted May 5, 1998—Decided June 16, 1998.

Before Judges DREIER, PAUL G. LEVY, and WECKER.

*Freeman and Bass,* attorneys for appellant (*Timothy L. Madden,* on the brief).

*Michael F.J. Romano,* attorney for respondent Commissioner of the Department of Insurance.

The opinion of the court was delivered by

WECKER, J.A.D.

This appeal addresses the interplay between benefits provided by the Unsatisfied Claim and Judgment Fund (UCJF) pursuant to *N.J.S.A.* 39:6–61 et seq., and by the Uninsured Employer's Fund pursuant to *N.J.S.A.* 34:15–120.1 et seq., also known as Article 7A of the Workers' Compensation Act. The legislative history of the statutes creating each Fund provides little guidance to their intended interaction.

Petitioner, Herbert Bashir, was a limousine driver for a company that carried neither workers' compensation nor automobile liability insurance. He was driving the company's vehicle when it was involved in a collision with a hit-and-run driver. Bashir filed for benefits from the Uninsured Employer's Fund pursuant to *N.J.S.A.* 34:15–120.1. That Fund pays "awards against uninsured defaulting employers who fail to provide compensation to employees or their beneficiaries in accordance with the provisions of the

workers' compensation law." However, under the 1988 amendment to Article 7A, an award is limited to medical expenses and temporary disability. Pain and suffering and permanent disability awards are no longer available from the Uninsured Employer's Fund. *N.J.S.A.* 34:15–120.2b and c, as amended by *L.* 1988, *c.* 25, § 2.

Plaintiff also sought benefits under the Unsatisfied Claim and Judgment Fund and reached a tentative settlement with the UCJF in the amount of $9,000 "subject to Board approval and an Eligibility Hearing." Thereafter, the UCJF declined payment based upon *N.J.S.A.* 39:6–70(a), which provides for summary disposition of UCJF applications at a hearing where the applicant is required to show, among other things, that "[h]e is not a person covered with respect to such injury or death by any workers' compensation law...." Plaintiff brought this action to enforce the claimed settlement. The Law Division Judge concluded that despite the very limited scope of Article 7A Uninsured Employer's Fund benefits, petitioner was a "person ... covered by [a] workers' compensation law," and as such is precluded from receiving benefits under the UCJF statute. The judge rejected plaintiff's contention that the reasoning of *Licata v. Lutz*, 48 *N.J.* 255, 225 *A.*2d 127 (1966), should allow him to recover from the UCJF.

The UCJF was created by statute in 1952. The Uninsured Employer's Fund was created in 1966, the same year *Licata* was published. Section 70(a) of the UCJF Law has never been amended, and there is no indication that the Legislature ever considered the application of § 70(a) to beneficiaries of the Uninsured Employer's Fund. Principles of statutory interpretation are not especially helpful in deciding whether the "covered by" language of § 70(a) applies to the Uninsured Employer's Fund. The Supreme Court opinion in *Licata* is the only direct interpretation of that provision, and therefore our best guidance.

In *Licata,* the plaintiff employee had signed a waiver of Article 2 workers' compensation benefits and was therefore permitted to pursue his common law remedies pursuant to Article 1 of the

Worker's Compensation Act. The *Licata* Court held that the UCJF barred employees qualified to receive Article 2 remedies, but not employees entitled to common law remedies permitted by Article 1. The plaintiff here has neither remedy, but only recourse to the Uninsured Employer's Fund. The Court's reasoning in *Licata*, concluding that the Article 1 eligible employee is not barred, is instructive:

> The employee who is covered by Article II has a remedy that is readily available and difficult to defeat.
>
> The Article I remedy imposes more burdens upon the employee. The employee who is covered by Article I must be ready to face the rigors of litigation in the law courts. He must allege and prove negligence on the part of his employer, *N.J.S.A.* 34:15–1. Even though his injury arose by accident out of and in the course of his employment, he is not guaranteed a recovery. In no sense can an employee covered only by the provisions of Article I be considered "covered * * * by any workmen's compensation law" within the meaning of N.J.S.A. 39:6–70(a).
>
> [*Licata, supra,* 48 *N.J.* at 258, 225 *A.*2d 127 (citations omitted)].

Given the limitations of the remedy afforded by the Uninsured Employer's Fund, we conclude that like Licata, plaintiff is not a person "covered" by any workers' compensation law "within the meaning of *N.J.S.A.* 39:6–70(a)." *See id.*

We recognize that the literal words of the UCJF statute appear to support the motion judge's ruling. However, " '[t]he surest way to misinterpret a statute or a rule is to follow its literal language without reference to its purpose.' " *Coco Bros., Inc. v. Pierce,* 741 *F.*2d 675, 679 (3d Cir.1984) (quoting *Viacom Int'l Inc. v. Federal Communications Comm'n,* 672 *F.*2d 1034, 1040 (2d Cir.1982)). *See also Dodd v. Copeland,* 99 *N.J.Super.* 481, 486, 240 *A.*2d 444 (App.Div.), *aff'd,* 52 *N.J.* 537, 247 *A.*2d 129 (1968) ("The literal sense of terminology cannot prevail over the reason and spirit of the expression as a whole.")

The purposes of both the Uninsured Employer's Fund and the UCJF are similar: to protect persons who suffer injury that should have been compensable by an insuror for the responsible party but for that party's defalcation. The similarity of purpose— providing at least some benefits to one who is victimized by another's failure to obtain statutorily-mandated insurance cover-

age—cannot be overlooked. Of course, there is a concomitantly similar need to protect the public treasury by avoiding duplicate recovery. *See, e.g., Wilson v. UCJF,* 109 *N.J.* 271, 281, 536 *A.2d* 752 (1988) ("If there is one definite principle that emerges from our PIP law, policy, and precedent, it is that there shall be no double recovery of PIP benefits.") *See also* Senate Labor, Industry and Professions Committee Statement to Assembly, No. 1784—*L.* 1988, *c.* 25:

> The bill further provides that the Commissioner of Labor shall conserve and defend the assets of the fund, establish a review procedure for claims made against the fund, hire legal and medical experts to protect the fund, and employ legal counsel to represent the fund and conduct investigations on behalf of the fund.

The remedial nature of both the UCJF and the Uninsured Employer's Fund persuades us, reading the respective enabling Acts in *para materia,* that the Legislature did not intend that the limited Unemployed Insurer's Fund benefits deprive an employee such as plaintiff of all UCJF benefits. We recognize that the UCJF was created to provide only "some measure of relief" to persons who would otherwise be without a remedy because their injuries were caused by uninsured or unidentified drivers. *See, e.g., UCJF v. N.J. Mfrs. Ins. Co.,* 138 *N.J.* 185, 189, 649 *A.2d* 1243 (1994). We do not read the limited relief implicit in the UCJF statute to bar an injured employee who has a potentially more limited remedy under the later enacted Uninsured Employer's Fund.

While we must construe the UCJF statute to avoid depletion of the Fund by unqualified claims, a construction that would deprive plaintiff of any award from the UCJF would be contrary to the remedial purposes of the legislation establishing each Fund. To the extent that our decision today is inconsistent with *Minardi v. Nocito,* 66 *N.J.Super.* 187, 168 *A.2d* 825 (App.Div.), *certif. denied* 36 *N.J.* 31, 174 *A.2d* 658 (1961), decided prior to the legislative enactment of the Uninsured Employer's Fund, we decline to follow its implied holding that an injured employee whose employer carried no workers' compensation insurance is ineligible for UCJF benefits.

We conclude that the purposes of both laws are best served by a narrow reading of *N.J.S.A.* 39:6–70(a), and therefore hold that plaintiff's Article 7A right to proceed against the Uninsured Employer's Fund does not exclude him from the protection of the UCJF as "a person covered ... by any worker's compensation law." We further hold that if plaintiff qualifies for benefits payable from the Uninsured Employer's Fund under Article 7A of the Workers' Compensation law, he can still recover from the UCJF, but only to the extent the benefits he would otherwise receive from the UCJF exceed the benefits he receives from the Uninsured Employer's Fund.

Allowing petitioner to recover from the UCJF, subject to deduction for "any amount which plaintiff has received or can collect from any person *for the same injuries and damage,*" is consistent with our holding in *Shebell v. Strelecki,* 104 *N.J.Super.* 139, 146, 249 *A.2d* 10 (App.Div.1969) (emphasis added). There the injured claimant received $9,000 from the UCJF before he consulted a new attorney and realized that he could possibly recover ordinary workers' compensation benefits in an Article 2 proceeding. His claim petition was dismissed upon settlement with his employer and its carrier for $24,750. The Fund was permitted to recover its $9,000 payment by authority of *N.J.S.A.* 39:6–71, irrespective of the workers' compensation bar.

In Bashir's case, an award from the Uninsured Employer's Fund cannot cover either permanent disability or pain and suffering. To that extent, we know it will not be "for the same injuries [or] damage[s]." Our decision is also consistent with *Dodd v. Copeland, supra;* where we said that the Joint Tortfeasors Contribution Law and the UCJF "must be read with reference to each other." 99 *N.J.Super.* at 488, 240 *A.2d* 444.

We reverse and remand for entry of judgment enforcing the $9,000 settlement between plaintiff and the UCJF, reduced by the amount plaintiff has recovered or will recover from the Uninsured Employer's Fund.